Shaver
v.
M'Graw.

SHAVER and wife *vs.* M'GRAW.

Where premises, for which an action of ejectment is brought, are *actually oc-cupied and possessed*, though by a *mere servant*, who claims no beneficial in-terest in them and labors wholly for his employer, the action must be brought against such servant, and not against his principal.

But where a party, not in the *actual occupation* of premises as distinguished from the exercise of *acts of ownership*, is found in the cultivation of, and working upon such premises, and an action of ejectment be brought against him it is competent to him to show that he labors upon the premises as the mere *servant* of another; and if the jury find his allegation to be true, and that he is not the *tenant* of the premises, he is entitled to a verdict in his favor.

Ejectment will not lie against a *remainder-man* during the continuance of the *particular estate*.

It seems that *ejectment for dower* can be brought only against the *tenant of the freehold.*

THIS was an action of *ejectment for dower* tried at the Scho-harie circuit in November, 1831, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The suit was broght to recover the *dower* of *Sally*, the wife of Jacob J. Shaver, in certain lands, whereof her former hus-band, *Heth Peck*, died seized. After proving marriage, seizin and death of former husband, and the service of the declara-tion on the defendant while at work on the premises, the plaintiffs rested. The defendant then produced the last will and testament of *Heth Peck*, by which he devised the premi-ses, in which dower was claimed, to one *Mary Peck*, *durante viduitate*, with *remainder in fee* to the defendant, and proved that there was no dwelling house upon the farm, the premises in question, that no one resided upon it, and that he himself resided with his mother, *Mary Peck*, at the distance of one and a half miles, and called a number of witnesses, whose tes-timony tended to show that he worked the premises as the agent or servant of his mother. This evidence was objected to by the plaintiffs as inadmissible, but the objection was overruled, and the plaintiffs, in answer thereto, proved that when the declaration was served, the defendant was at work on the premises engaged in ploughing, that he told the wit-

ness who served the declaration that he *worked the farm*, and asked what he must do to defend the suit, and by another witness, that he had frequently seen the defendant at work on the farm. The counsel for the plaintiffs insisted that, from the evidence adduced, the jury were bound to say that the premises were *actually occupied* by the defendant, but if not, inasmuch as it had been shown that the defendant had a *remainder in fee* in the premises, he had properly been made a defendant. The judge ruled that during the continuance of the particular estate, an action of ejectment could not be brought against a remainder-man, and charged the jury that if they were satisfied that *Mary Peck*, the mother of the defendant, had the sole possession and control of the premises, and that the defendant worked the same only as her agent or servant, it would be their duty to find for the defendant; otherwise, that they must find for the plaintiffs. The jury found for the defendant, and the plaintiffs now move for a new trial.

*A. J. Parker*, for the plaintiffs.

*M. T. Reynolds*, for the defendant.

*By the Court*, SUTHERLAND, J. The question of the defendant's possession of the premises, at the commencement of the suit, was properly submitted by the judge to the jury, and his charge upon that point was correct. He instructed them, that if they were satisfied, from the testimony, that the defendant was in the actual possession of the premises in question, at the commencement of this suit, then the plaintiffs would be entitled to their verdict; but if, on the contrary, they should be of the opinion that Mrs. Peck, the mother of the defendant, had the sole possession and control of the premises, and that the defendant labored there in the capacity of a hired man or servant, that then they should find for the defendant. The revised statutes, in relation the action of ejectment, provide, 2 R. S. 304, § 14, " That if the premises for which the action is brought are actually occupied by any person, such actual occupant shall be named defendant in the declaration; if they are not so occupied, the action must be brought against

some person exercising acts of ownership on the premises claimed, as claiming title thereto, or some interest therein, at the commencement of the suit." There was no house or building upon the premises, and of course no person lived upon them. The defendant, it was shown, lived a mile and an half or two miles from the premises with his mother, to whom they belonged during her life or widowhood. They were not actually occupied, therefore, and the plaintiffs were bound to bring their action against some person exercising acts of ownership on the premises. If there was no such person, then against some one claiming title thereto, or some interest therein, at the commencement of the suit. It was shown that the defendant labored upon the premises, but the weight of evidence was, that his mother, who had a life estate in them, actually controlled and managed the farm, hired and paid the hands, and disposed of the produce ; that he in fact labored as her agent or servant. The jury could not, upon the evidence, have come to any other conclusion. The mother, therefore, was the person who exercised acts of ownership over the premises, and against her the action should have been brought.

Where the premises are *actually occupied and possessed*, even by a servant, claiming no beneficial interest in them, but laboring merely for his employer, the action must be brought against the servant, because he is *the actual occupant;* but if he is merely sent by his master to work upon the premises, they not being occupied, it is the master, and not the servant, that exercises acts of ownership over them, and against whom the action must be brought. When the judge instructed the jury that if the defendant labored upon the premises in the capacity of a hired man or servant, the plaintiff could not recover, it was in connection with the further fact that they should be of the opinion that Mrs. Peck, the defendant's mother, had the sole possession and control of the premises, and that they were not actually occupied by the defendant. He did not lay down the abstract proposition, that this action could not be maintained against a hired man or servant. The case of *Doe* v. *Steadling*, 2 Stark. R. 187, 3 Com. Law R. 307, S. C., cited and relied upon by the plaintiff's counsel, simply decides, that

where a tenant for a year of a house, instead of occupying it himself, puts his servant in possession of it, and he continues in the actual possession, after the expiration of the term, eject-ment will lie against him. In *Doe* v. *Stanton*, 2 Barn. & Ald. 371, the judge non-suited the plaintiff on the ground that the defendant, from the evidence given, appeared to be a mere servant not actually occupying or claiming to occupy in his own right. This nonsuit was set aside. Chief Justice Abbott in his opinion, remarked, that it appeared to have been too has-tily assumed at nisi prius, that the defendant was in the situ-ation of a *mere servant;* for there was proof given that he bore the character of tenant, capable perhaps of being ex-plained, but certainly not explained by any evidence in the case. Bayley, J., said it was sufficient to subject a party to this action, that he has the visible occupation of the premises, and it is not necessary that he should have such an interest as to enable him to maintain trespass; that when a servant is served with a notice of ejectment, if he does not explain his situation and set the party right, it was possible a jury might think he ought to be considered as the tenant in possession. It was evidence to go to the jury, upon that point. Holroyd, J., also thought that there was evidence enough on the question of possession to go to the jury. It did go to the jury in this case, and their verdict, I think, was right.

The premises, it will be recollected, belonged to Mrs. Peck, the mother of the defendant, for life, or during widowhood; remainder to the defendant in fee. The circuit judge charg-ed the jury, that this remainder, during the continuance of the particular estate, was not such an interest as would authorize an action of ejectment against the remainder-man, not in pos-session. In this opinion he was clearly correct. The revised statutes, 2 R. S. 304, § 4, when they say, if the premises are not occupied, the action must be brought against some person exercising acts of ownership thereon, or claiming title thereto, or some interest therein, do not mean to give to the plaintiff the right to make either of these description of persons defend-ants in ejectment at his election. But he must make the ac-tual occupant defendant, if there be any; if not, then the per-

Vol. XII.               71

son exercising acts of ownership over the premises. If there be no such person, then the individual claiming the general title ; if no such person can be found, then any person claiming any special interest therein. Here it is shown that Mrs. Peck exercises acts of ownership over the premises, and actually cultivates and improves them. The action should therefore have been brought against her. But independently of that circumstance, I apprehend the action cannot be brought against a remainder-man, as such, during the continuance of the particular estate. Ejectment is a possessory action merely. Adams, on Ejectment, 33. It is brought to try the right to the present possession. The claimant cannot recover, unless he shows a right of entry at the time of the demise laid in his declaration. It is fundamentally absurd, therefore, to authorize the plaintiff 'to pass by the individual who derives his right to the present possession, and claims such right himself, and to make a third party defendant who makes no claim to and has no interest in the question of present possession. The legislature never intended any such thing.

The action of dower (before that action was abolished by the revised statutes) could only be brought against the tenant of the freehold. *Harder* v. *Grant*, 3 Wendell, 340. Dower is now to be recovered in an action of ejectment. 2 R. S. 304, § 10. And it may well be doubted whether the principle of the action of dower does not control the action in its present form, and whether ejectment in such a case will lie against any other person than the *tenant of the freehold*. It is not necessary, however, to be decided in this cause, and I abstain from the expression of any opinion upon the subject.

New trial denied.