By the Court, Bronson, J.
When the premises are actually occupied, the action of ejectment must be brought against the occupant. “If they are not so occupied, the- action must be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit.” (2 R. S. 304, § 4.) The land in question was not- actually occupied, and the defendant claimed title to it, and had done so for three years. That brings the case plainly within the statute, and the plaintiffs should not have been nonsuited. It is said that this question was not necessarily decided in Shaver v. M’Graw, (12 Wend. 558;) nor in Edwards v. Farmers’ Loan Co., (21 Wend. 467.) That may be so; but it is decided by the statute. We are asked to change or into and, so that the section will read, that the action may be brought against a person exercising acts of ownership and claiming title to the land; and cases are cited where, in the construction of wills and deeds, the courts have substituted one of these words for the other, in order to carry into effect the intention of the testator or parties as collected from the whole instrument. But we are here dealing with a statute, and there is nothing to show that the legislature meant any thing different from what they have so clearly expressed. It cannot be doubted that the legislature intended to change the old rule, and allow ejectment to be brought for the recovery of unoccupied lands. This was done for the purpose of enabling *51 the plaintiff, while his witnesses were alive and at command, to settle the right between himself and another claimant, without the necessity of taking possession and then waiting for an action to be commenced by the other party. A recovery in ejectment is now made conclusive of the right, as between the parties to the action and persons clahning under them by title accruing after the commencement of the suit.
There is undoubtedly some objection to allowing an action to be brought where there has been nothing but a parol claim of title. But a party should not set up a title to lands unless he is prepared to defend it. An idle declaration that he owns the land will not be enough. But if he seriously lays claim to the land, he does so at the peril of making good the claim. Here the parties owned adjoining lots, and the boundary between them was in dispute. The defendant claimed that the west or Campbell line was the true boundary, and that he owned the land lying east of that line, including the premises in question. This claim had been made for three years. The statute has given the plaintiffs the right of having this question of title determined by an action of ejectment.
It is true that many provisions in the statute were framed with reference to the common case of a party in possession; but they may easily be accommodated to an action, clearly given by the same statute, for the recovery of unoccupied lands.
It is said that one of the plaintiffs was in possession. Whatever color there may be for the objection, it is enough to say that the judge did not put the nonsuit upon that ground.
New trial granted.