## SUPREME COURT.

### James Waldorph vs. Catharine Bortle.

An action brought against a sole defendant, to recover the possession of land, may be continued, after the death of the defendant intestate, against his heir-at-law claiming to have succeeded to his legal rights and to own the land.

An action to recover real property, should be brought against the person in the actual occupation or possession of the premises; but it is now proper in such action to add as defendants, all persons who have or claim an interest in the controversy, adverse to the plaintiff.

*Columbia Special Term, June* 1850.—This was a suit brought to recover possession of real estate, situated in the county of Columbia, being virtually an action of ejectment. After an answer was put in, the cause being ready for trial, the defendant died, intestate, on 7th December, 1849, leaving Jane, wife of William Chadwick, Helen Bortle, Elizabeth Bortle, and Eve Maria Bortle, her only children, and heirs-at-law; all of whom were over 21 years of age, and resided in the county of Columbia, and claim the premises for the recovery of which said action was brought.

On an affidavit, setting forth the above stated facts, the plaintiff moved that the action be continued against the heirs-at-law above named. Copies of the affidavit and notice of the motion were served on all the heirs-at-law proposed to be made parties.

E. R. Cowles, *for plaintiff.*

C. P. Collier, *for defendant.*

Parker, Justice.—At common law the action died with the party, (*James* v. *Bennett,* 10 Wend. 540.) The Revised Statutes (3 R. S. 404, 3d ed. § 33) provided that the action of ejectment, should not be abated by the death of any plaintiff, or of one of several defendants, after issue and before verdict or judgment, and authorized proceedings to substitute the names of those who might have succeeded to the plaintiff's title; and in case of the death of one of the defendants, the cause might proceed against the other defendants. Such proceedings were by *scire facias,* (*Boynton* v. *Hoyt,* 1 Denio, 53; 2 R. S. 483, 396.) The Revised Statutes did not go so far as to continue a suit against the heirs of a sole defendant in ejectment, who died before verdict or judgment.

But the provisions of the code are much broader. Section 121 provides that no action shall abate by the death, marriage, or other disability of a party, if the cause of action survive or continue. In case of death, marriage or other disability of a party, the court, on motion, at any time

within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued *by* or *against* his representative or successor in interest. It will be seen that this provision extends to both parties and to every stage of the action.

The plaintiff is therefore entitled to his motion, "if the cause of action survive or continue."

It is not shown by the moving party that the defendants have succeeded to, and are in the possession of the land in question; nor does it appear who is in possession, or whether the premises are actually occupied. It is set forth that the heirs-at-law claim the premises for which the action was brought. Under our late practice, when the premises were actually occupied, the action of ejectment could only be brought against the person in possession. It was only where the premises were not so occupied, that the action might be brought against some person exercising acts of ownership over the premises claimed, or claiming title thereto, or some interest therein, (2 R. S. 400.) And though the person in actual occupation was a mere servant of the person claiming to be owner, it was held he must be made defendant instead of his principal, (*Shaver* v. *McGraw,* 12 Wend. 558.) If this rule as to parties is still in force, then it does not appear that the heirs above named are proper parties to be made defendants; because it is not shown that they have succeeded to the possession. The plaintiff could not have recovered against them at law under the former practice in the action of ejectment, on the facts now presented.

But I think the rule as to making parties defendant in an action to recover possession of land, is now changed. Section 118 of the code provides "that any person may be made defendant, who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination, or settlement of the questions involved therein." This is applicable to every civil action, including as well cases in which the remedy would formerly have been at law, as those in equity, such distinction being now abolished, (Code, § 69.) The practice in all actions is now, therefore, the same as in our late Court of Chancery: and I see no reason why, in an action to recover possession of land, all persons claiming title to, or an interest in the property, may not now be made defendants, as well as the persons in actual possession.

I think it is, therefore, sufficiently shown that the heirs-at-law, claiming title, may properly be made defendants. They have succeeded to the legal rights of the original defendant. If there is a third person in the actual occupation of the premises, he ought also to be made a defendant; but that is not the question now presented.

The plaintiff now makes parties defendant at his peril; the court being authorized to award costs to such defendants as have judgment in their favor or any of them, (Code, § 306.)

The motion must be granted, with $10 costs of motion, to abide the event of the suit.