### ELLICOTT *vs.* MOSIER.

Ejectment to recover dower will lie against a tenant who has an estate or interest *less than a freehold*, and before dower has been assigned or admeasured.

Such action must be brought against the actual occupant of the premises out of which dower is claimed, if there is any actual occupant.

Where the plaintiff, in her complaint, describes lands in the possession of several tenants, occupying different portions thereof, the defendant occupying but a small part; and the plaintiff claims for her dower one-third of the whole, and obtains a verdict; upon filing the record of judgment, commissioners are to be appointed to make admeasurement of dower out of the lands which the jury shall have *found in the possession of the defendant*, and out of which the plaintiff is entitled to dower.

A plea, in an action of ejectment for dower, alledging that the husband of the plaintiff died intestate; that the defendant occupied the premises under a lease from him, and that the plaintiff and the heirs had collected and received the rents reserved, ever since the death of the husband, as the same became due, and had divided and enjoyed the rents, in proportion to the interest of each in the premises; the plaintiff receiving one-third in lieu of dower; and insisting that the plaintiff was thereby estopped from maintaining the action, does not constitute a defense.

In order to bar the widow of her action for dower, where rent has been assigned with her consent, and accepted by her, it must appear that the rent will endure for her life.

DEMURRER to answers. The action was ejectment, to recover dower in certain premises described in the complaint as land situate in the city of Buffalo, bounded easterly by Washington-street 263 feet, southerly by Swan-street 200 feet, westerly by Main-street 263 feet, and northerly by South Division-street 200 feet. The defendant, for new matter, stated substantially, that the plaintiff's husband was seised in fee simple of the premises, and that in February, 1829, he demised them to Ira Blossom and Lewis F. Allen, for the term of twenty-one years, reserving annual rent; and that by another agreement the time was to be extended, upon the payment of certain rents, twenty-one years from the end of the first term. That Blossom and Allen entered and partitioned the premises, and that subsequently the "Ohio Life Insurance and Trust Company" acquired Allen's rights. That the defendant was in possession only of a portion of the premises, being the first floor of a store

Ellicott v. Mosier.

numbered 239, 80 feet in depth and 18 feet wide, under and by virtue of a lease from the Ohio Life Ins. and Trust Co., and occupied only as tenant for one year. That the plaintiff had never demanded her dower, and that it had never been assigned to her.

For a *further answer* the defendant alledged that the husband of the plaintiff died in 1837 intestate ; that the defendant occupied the store under the lease, and that the plaintiff and the heirs had collected and received the rents reserved, ever since the death of her husband, as the same became due, and had divided and enjoyed the rents in proportion to the interest of each in the said premises ; and that upon such division one-third of the rents had been received and enjoyed by the plaintiff in lieu of her right of dower in the premises. And the defendant insisted that the plaintiff was estopped from maintaining the action.

The plaintiff-demurred to these defenses, and specified several causes of demurrer. The cause was heard at a special term, and judgment rendered for the plaintiff, and the defendant appealed to the general term.

*John H. Martindale*, for the plaintiff.

*John Ganson*, for the defendant.

*By the Court*, MARVIN, J. The principal question presented and argued, is, can the plaintiff maintain this action to recover dower against a tenant who has an estate or interest *less than a freehold*, before dower has been assigned or admeasured ? At common law the writ of dower lay against the person only who had *the freehold*, and who ought to have assigned dower to the widow without compulsion. (1 *Roper on Husb. and Wife*, 429, *et seq.*) The heir, or the owner of the freehold, had the right to assign dower. An assignment of dower could not be made by any person who had not a freehold in the estate, or against whom a writ of dower would not lie. Any one possessed of a mere chattel interest, as tenant for term of years, could not assign dower. (1 *Roper on Husb. and Wife*, 389. *Co. Litt.* 35 a. *Bell on Property, Husb. and Wife*, 280. *Crabb on*

*Real Property*, § 1141. 4 *Kent's Com.* 63.) After the assignment or admeasurement of dower, the widow could maintain an action of ejectment to recover the possession. (*See* 17 *John.* 166; 6 *Id.* 290; 7 *Id.* 247; *Hurd* v. *Grant*, 3 *Wend.* 340; 7 *Cowen*, 287; 10 *Wend.* 419.) It is clear that at common law neither the defendant in this case, nor the lessees of the husband of the plaintiff, or their assignees, could assign dower to the plaintiff. They have not a freehold interest. Their interest is only a chattel interest, and no act of theirs would bind the heir. The counsel for the defendant argues that the statute authorizing ejectment for dower should be construed as a substitute for the writ of dower, and that it should be confined to cases against the *heir or tenant of the freehold*, where the dower has not been assigned or admeasured.

The writ of dower lay only against the tenant to the freehold, (3 *Wend.* 340,) but this writ is abolished. (2 *R. S.* 343, § 24.) The action of ejectment is retained, and may be brought by any widow entitled to dower, after the expiration of six months from the time her right accrued. (2 *R. S.* 303, §§ 1, 2.) If the premises are actually occupied by any person, such occupant is to be named defendant. (*Ibid*, § 4.) This provision is general, and seems to apply to all actions of ejectment. In *Shaver* v. *McGraw*, (12 *Wend.* 558,) the action was ejectment for dower. Sutherland, J. doubted whether the principle of the *action of dower* does not control the action of ejectment, and whether ejectment will lie against any other person than the *tenant of the freehold*. The decision did not turn upon this question. In *Sherwood* v. *Vandenburgh*, (2 *Hill*, 303,) the action was ejectment for dower. The defendant occupied and worked the premises on shares, under the owner of the freehold. It was objected that the action should have been against the tenant of the freehold. Nelson, Ch. J. said "the action of ejectment is now the appropriate remedy for the recovery of dower, and like the action in any other case, must be brought against the *actual occupant*, if there be one." Cowen, J. referred to the doubt expressed in *Shaver* v. *McGraw*, and said, "On reflection we think it quite clear, however, that ejectment for

Ellicott *v.* Mosier.

dower, like that action founded upon any other title, will lie, and indeed must be brought against the person in possession if there be one, whether he be seised of a freehold or possessed of a term for years or less estate." This case is in point, and must decide the present case, so far as the question of maintaining the action against the person *actually occupying* the premises, is concerned. A further examination of the provisions of the statute will confirm this view, and show that the action of eject- ment may be brought before dower has been assigned. By sec- tion 10 the declaration is to state that the plaintiff was possessed of the *one undivided third part* of the premises, as her reason- able dower. By section 55, if the dower has not been admeasur- ed to her before the commencement of the action, she is to proceed to have her dower assigned. The record of judgment is to be filed, and commissioners are to be appointed to make admeasurement of the dower of the plaintiff *out of the lands described in the record.* The writ of possession follows the admeasurement. These pro- visions clearly show that ejectment for dower may now be brought before dower has been assigned or admeasured, and that it must be brought against the actual occupant of the premises, out of which dower is claimed, if there is any actual occupant.

There would seem to be no great difficulty in this practice, in cases where there is a single occupant of the land, out of which dower is to be admeasured. And such have been all the cases I have examined in our reports since the revised statutes. But will there not be great difficulties in a case like the present? More than twenty years ago the husband of the plaintiff de- mised certain premises in Buffalo. The lessees, or those holding under and from them, have covered the premises with valuable buildings, and there are now numerous tenants; some occupying a store or a room; and it is understood, that numerous actions of ejectment for dower have been brought against the different tenants. Is the plaintiff to be endowed of a portion of the premises occupied by each defendant? Is she to have admeas- ured to her a portion of a store or room, and thus have as many different parcels as there are tenants? And if so, what portion is she to have? Her husband did not erect the buildings. It

is not necessary to attempt now to answer these questions; but it has appeared to me that the legislature could not have contemplated such a case, when it provided the action of ejectment for dower in the first instance, against the actual occupant of the land. In the present case I notice that the plaintiff in her complaint has described (as I understand) all the land leased by her husband to Blossom and Allen, and claims for her dower one third of it. The defendant occupies but a small part of it. By § 55 of the statute, upon the filing of the record of judgment, commissioners are to be appointed for the purpose of making admeasurement of dower *out of the lands described in the record.* The commissioners can not admeasure and assign dower in gross, out of the whole premises described in the complaint. That is an entire united parcel of the whole premises. Certainly not. *Out of the lands described in the record,* means the land which the jury shall have found in the possession of the defendant in the action, and out of which the plaintiff is entitled to dower. But I will not pursue these queries.

When dower has been admeasured there can be no difficulty. The action of ejectment, in such a case, was at common law, and still is, a suitable remedy against any one in possession of the premises. The statute relating to the admeasurement of dower has provided an ample remedy for the widow and for the heirs, or the owners of the land claiming a freehold estate. (2 *R. S.* 488.) It will also be seen, by reference to the provisions of this act, that the legislature have been careful to preserve the common law principles, applicable to the writ of dower, so far as parties are concerned. If dower has not been assigned, the widow may apply for the admeasurement of dower. The parties to the proceedings are the widow and the heirs of her husband, or if they are not the owners of the land, then the *owners claiming a freehold estate therein.* If she does not apply, the heir or owners claiming *a freehold estate,* or their guardians, may give notice requiring the widow to make demand of her dower. If she neglects to make demand by commencing suit, or by application for admeasurement, &c. the heirs or the owners *claiming a freehold interest* therein, or their guardians, may

Ellicott *v.* Mosier.

apply by petition for the admeasurement of her dower. The land being admeasured to her for her dower, she may bring an action of ejectment to recover it. (*See* 2 *R. S.* 488, *Admeasurement of Dower*, §§ 1, 2, 6, 7, 8, 18.) Here the proceedings can not be instituted by the widow against any one who does not claim a *freehold estate in the premises*, out of which dower is claimed. And at common law the writ of dower could only be brought against the tenant of the freehold.

The new matter *secondly* stated does not constitute a defense. It is not, I think, equivalent to a plea, that dower has been assigned by the heir out of the premises. The heir or tenant of the freehold may now, as at common law, assign to the widow her dower within forty days after the death of her husband. It is only the widow who has not *had her dower assigned*, who is authorized by the statute to apply for the admeasurement of dower. (2 *R. S.* 488, § 1.) If the heir or tenant of the freehold assigns dower to her, and she accepts it, this will bind both of the parties. Dower may be assigned by parol, (4 *Kent's Com.* 63,) and if the widow accepts the assignment, and enters, it will be binding ; and rent issuing out of the lands of which she is dowable, or one third part of the rent of the whole land, may be assigned to her for her dower ; and if she consents and accepts it for her dower, she will be bound. If she does not consent to accept the rent, she is not bound by the assignment. (1 *Roper on Husb. and Wife*, 392.)

Where the tenant assigned to the widow twenty bushels of wheat every year, for her life, out of lands in which she was entitled to dower, that being in nature of rent, and *accepted by her*, it was held to be a good assignment of dower. An assignment of rent for dower is said to be against common right, and it is therefore the consent and acceptance of the widow which give validity to such assignment ; and her consent will not avail, where, from the nature of the transaction, she can not have the like estate or interest in the subject assigned in lieu of dower, as she would have had, if her dower had been assigned in the usual way during her life. The assignment, therefore, with her consent and acceptance of something in lieu of dower, must be

of some part of the lands of which she is dowable, or a rent issuing out of them, and for *such an interest as may endure for her life ;* and if any of these particulars are wanting, the assignment will be void. (1 *Roper,* 400, 401. *Crabb's Law of Real Prop.* § 1144 *to* 1147.) Coke does not add the requisite that it must be a rent that will endure for her life. (*Co. Litt.* 34 *b.*) And *Bell on H. and Wife,* 285 *to* 289, also admits this qualification.

In the present case, if the answer could be regarded as stating an assignment by the heirs of the husband, of one third of the rent as dower, and an acceptance thereof by the plaintiff as such, it would not, I think, constitute a defense to this action. The rent may not continue during her life. The estate of the tenants is only for years, and the term may expire during her life. In order to bar the widow of her action for dower, where rent has been assigned with her consent, and accepted by her, it must appear that the rent will endure for her life. But I think this answer can not be regarded as a plea of the assignment and acceptance of the rent for her dower in the premises, and nothing short of a direct plea of such assignment and acceptance will be sufficient.

The judgment of the special term for the plaintiff, upon the demurrer, must be affirmed.

[ORLEANS GENERAL TERM, February 9, 1852. *Taggart, Marvin* and *Hoyt,* Justices.]