## SUPREME COURT.

TOMPKINS & WHITE, by next friend and guardian, agt. WHITE AND ROBINSON.

A claim against two defendants to recover the possession of real estate, and damages for the unlawful withholding of the same, and a claim against one of the defendants for monies received for rents and profits of the premises, for which that defendant is indebted to the plaintiffs—no connection being shown between the alleged withholding of the possession and those rents and profits, cannot properly be united in the same complaint.

*Cayuga Special Term, November, 1853. Demurrer to complaint.* The complaint alleges that the plaintiffs "are, and for more than three years last past, have been, the lawful owners as tenants in common, in fee simple, and entitled to the possession, rents, issues and profits," of the premises therein described; "that the above named defendants, *or one of them*, are now in possession of the said real estate, claiming title thereto, or some interest therein, or lien thereupon, but unlawfully, as plaintiffs submit and insist, and that they, the said defendants, unlawfully withhold possession of the said real estate from them the said plaintiffs; that the defendant, Patrick White, has received divers sums of money in respect of rents and profits of the said premises, the property of them the said plaintiffs, to the amount, as plaintiffs are informed and believe, of one hundred and fifty dollars, or thereabouts, and the said Patrick White is now indebted to the plaintiffs in the said sum of one hundred and fifty dollars, in respect thereof." The plaintiffs then demand judgment for the possession of the premises, damages for the unlawful withholding of the same, and costs; and also "a further judgment against the said defendant, Patrick White, for the said sum of one hundred and fifty dollars, and interest thereon from the sixth day of July, 1853." The demurrer is upon the following grounds, as specified therein: "1st. Because there is a defect of parties plaintiff. 2d. Because there is a defect of parties defendant,

inasmuch as it does not appear that both defendants actually do withhold, &c. 3d. Because several causes of action are improperly united in the same complaint, inasmuch as, 1. They are inconsistent with each other; 2. They do not affect all the parties to this action, because Robinson is not liable for money received by White. 4th. Because several causes of action are united in the same complaint, and the same are not separately stated nor plainly numbered."

JAMES R. Cox, *for Defendants.*

S. S. VIELE, *Att'y*, & D. WRIGHT, *Counsel for Plaintiffs.*

T. R. STRONG, Justice.—Under the Code, in an action to recover the possession of real property, there may be included a claim for "damages for the withholding thereof, and the rents and profits of the same," (*Code,* § 167, *sub.* 5.) The object of this provision was to enable the plaintiff in such an action to recover therein, with the possession, his damages for being deprived of the premises and the rents and profits thereof, while kept out of possession, and thus render unnecessary a new action for that purpose. The provision is a substitute for the action of trespass for the mesne profits, and the mode of proceeding for the recovery thereof, given in the Revised Statutes, and is only co-extensive with that action. It does not authorize a claim for rents and profits which could not be recovered in the old action of trespass. The *mesne profits*—the rents and profits during the dispossession of the plaintiff, are the only rents and profits to which it has reference. As to the extent to which a plaintiff may recover, see *Adams on Eject.* (*Tillinghast's ed.*) 338.

In the present case the plaintiffs have united in their complaint, with a claim to recover the possession of the premises, a claim to recover of the defendant, White, for the alleged receipt by him of divers sums of money, in respect of rents and profits of the premises. When those rents and profits accrued, when those sums of money were received, whether they were received wrongfully or otherwise, is not stated. No connection is shown between those rents and profits and the

withholding of the possession of the premises. The claim is presented as separate and standing alone, and as a debt due for money had and received. For aught that appears, White may have received the moneys for those rents and profits as agent of the plaintiffs, long anterior to either of the defendants taking possession, or making any claim to the premises, or their withholding possession of the same. It is manifest that this claim is not within the provision referred to, and I am not aware of any other provision, or any principle, which authorizes the joinder of it with the other claim made by the plaintiffs. One claim is against both defendants, the other against one only, and does not affect the other defendant; one is founded on tort, the other on contract. These claims must be held to be improperly united, and for that cause the demurrer to the complaint must be sustained.

It is not necessary to consider whether there is a misjoinder of defendants, either for the reason that the complaint does not allege a possession of the premises, or any claim thereto by, or disclose a cause of action against more than one of the defendants, or because a person in possession only, could properly be made a defendant in the action. (*Code*, § 118;) Van Horne agt. Everson, (13 *Barb.* 526;) Van Buren agt. Cockburn, (14 *Barb.* 118;) Putnam agt. Van Buren, (7 *How. Pr.* 31;) Shaver agt. McGraw, (12 *Wend.* 558;) Waldorph agt. Bortle, (4 *How. Pr.* 358; *Van Santvoord's Plead.* 113, 114.) Nor whether if there is a misjoinder, the defect could be reached by a joint demurrer of the defendants. (*Story's Eq. Pl.* § 544;) Whitbeck agt. Edgar, (2 *Barb. Ch. R.* 106.)

In regard to the objection that different causes of action are blended together, if such a defect is a proper subject of demurrer, it is sufficient to say that it is not warranted in fact in this case, unless the objection considered, that causes of action are improperly united, is well taken.

There must be judgment for the defendants on the demurrer, with leave to the plaintiffs to amend on payment of costs.