# New York Marine Court.

*October* 26, 1878.

## SOPHIA C. JACK *against* PATRICK CASHIN.

Summary proceeding to dispossess a judgment debtor holding over after sale on execution. Validity of a moneyed judgment for *mesne* profits in an action of ejectment. The rule at common law and under the code.

McADAM, J.—This is a proceeding brought pursuant to chapter 208 of the *Laws of* 1874, to remove the defendant from the possession of a lot of ground, which, it is alleged, he is holding over, after the sale of the same, under an execution against him, on the perfecting of plaintiff's title thereto, as assignee of the purchaser at such sale. The facts proved and admitted are substantially these: In December, 1866, one Edward A. Beardslee commenced an action of ejectment against the defendant in the supreme court, in Westchester county, to recover certain real estate there situated. In addition to the other usual allegations, the complaint contained the following: "And this plaintiff further alleges that by reason of such continued wrong-doing on the part of, and such wrongful posses-

sion and detention of said premises, by said defendant, he the said plaintiff, has sustained damages to the amount of $600." The defendant appeared in the action, but failing to answer or demur to the complaint, a copy of which had been served with the summons, application for the relief demanded was made to the court, of which application the defendant had due notice. A reference was ordered to take the requisite proofs of the matters alleged in the complaint ; and on the coming in of the referee's report, in accordance with the proofs taken, judgment was given September 26, 1867, awarding possession of the premises in controversy to the plaintiff, Beardslee, adjudging that he recover of the defendant $600 damages for wrongful withholding possession of the property. On January 27, 1877, a transcript of this judgment was docketed in New York county, and an execution issued thereon to the sheriff of said county on February 15, 1877, under which the premises now in question, were levied on and sold on May 4, 1877, to one John H. Morgan for $500. Morgan received the usual certificate of sale, which was regularly filed, and afterwards executed, and filed in the clerk's office, a written assignment or transfer of all his interest as purchaser to the present plaintiff, to whom, after the lapse of the statutory period, a deed was duly executed for the premises sold, which the defendant still continues to occupy notwithstanding plaintiff has demanded possession thereof.

I do not understand any question to be made as to the regularity of the proceedings after Beardslee's judgment, provided the judgment itself be valid. Its validity is attacked, however, on the ground that the court had no power, in addition to awarding Beardslee possession of the premises, to give him a money judgment, in the same action for damages in the nature of "mesne profits." There is no doubt, that under the common law, such damages could be recovered only by

a separate action of trespass for *mesne* profits (1 *Chitty
on Pleading*, 222). But in this State, long before the
adoption of the code, it was enacted that "instead
of the action for *mesne* profits heretofore used, the
plaintiff seeking to recover such damages, shall within
one year after the docketing of the judgment, make
and file a suggestion of such claim, which shall be en-
tered, with the proceedings thereon, upon the record
of such judgment, or be attached thereto, as a con-
tinuation of the same (3 *Banks & Bros. R. S.* 6th ed.
p. 577, § 40). And since the adoption of the code in
1848, which had for one of its objects the prevention
of a multiplicity of suits, it has repeatedly been held
that a claim to recover possession of real property, and
a claim of damages for withholding possession of the
same, may be combined in one action. This indeed is
directly authorized by section 167 of the late Code of Pro-
cedure (in force when the Beardslee judgment was ren-
dered), which, enumerating the causes of action which
may be united, expressly mentions 'claims to recover
real property, *with or without damages for the with-
holding thereof*." "At common law," says Judge
BOCKES, speaking for the court of appeals, in Vander-
voort v. Gould (3 *Trans. App.*, 57, 64), "the remedy for
such damages was by separate action of trespass for
*mesne* profits. But under the revised statutes, the
*mesne* profits were recoverable upon suggestion on the
foot of the record of the judgment in ejectment; and
this judgment laid the foundation for subsequent pro-
ceedings to recover the *mesne* profits or damages.
Now, however, under the Code of Procedure, the
plaintiff may unite in the same complaint a claim to
recover real property with damages for the withhold-
ing thereof (Livingston v. Tanner, 12 *Barb.* 481;
Holmes v. Davis, 21 *Id.* 265; S. C., court of
appeals, 19 *N. Y.* 488; Tompkins v. White, 8 *How. Pr.*
520; People v. Mayor, &c., 17 *How. Pr.* 57, 64). Ac-

Jack *v.* Cashin.

cording to these authorities it is optional with the plaintiff to unite the claims in one action, or to have a separate action, after the recovery in ejectment for the damages. It is certainly clear that he may unite the two claims. The code is explicit to that effect (section 167), and the change effected by this provision was commendable with a view to avoid a multiplicity of suits.''

This case, and the authorities which it cites, clearly settle the question now before me. In Beardslee's action against the defendant, the damages recovered were distinctly demanded in the complaint—at least they were sufficiently alleged to apprise the defendant of their nature, and if the allegation was not definite enough, there was an easy mode of having it rendered so. No mere *irregularity* in the judgment, if any such exists, of which I see no evidence, can be inquired into on these proceedings. Even if it contained errors grave enough to justify its reversal by the proper appellate court (See Larned *v.* Hudson, 57 *N. Y.* 151),* still it must be accepted as conclusive here, unless it be *absolutely void for want of jurisdiction*—a conclusion to which it would be difficult to come, in the face of the statutes and authorities. As there is no doubt of the regularity of all the proceedings subsequent to Beardslee's judgment, or of that of the deed under which the plaintiff claims, and as it is conceded that the defendant is holding over and continuing in possession of the premises in question, after their sale by virtue of an execution against him, within the meaning of the act of 1874, a warrant must be granted for his dispossession.

---

* The commission of appeals, in Larned *v.* Hudson (57 *N. Y.* 151), held that a claim for damages for withholding possession of real estate, does not include the rents and profits thereof, during the time the possession has been wrongfully withheld, and that it is a separate and distinct cause of action.