# SUPREME COURT.

SARAH B. AIKMAN agt. BLAISE L. HARSELL and others.

*Dower — when widow entitled to admeasurement — when acceptance of rents and execution of leases does not preclude her from demanding further admeasurement — To bar dower, the grant must be in fee tail, or for the term of her life.*

The plaintiff sues for admeasurement of her dower in real estate at corner of Broadway and Howard street. William D. Blackwell died in 1848 intestate, possessed of the property in question, leaving a widow, Mrs. L. A. Blackwell, one daughter, Mrs. L. A. Poillon, and one son, Joseph Blackwell, who subsequently married plaintiff. Joseph Blackwell died in 1859 intestate, without issue, and possessed of an undivided one-half of these premises, subject to his mother's dower right. He left him surviving his widow, the plaintiff, his sister and his mother. After his death his sister executed leases in her own name on the different parcels of real estate. These leases were outstanding at her death. She died in September, 1866, leaving a will appointing trustees of her property. After her death, the trustees appointed by her executed leases of separate parts of these premises for two years. Mrs.

L. A. Blackwell and plaintiff joined with the trustees in the leases, and the rents were to be divided as agreed upon. The trustees received three-ninths, Mrs. L. A. Blackwell five-ninths, and the plaintiff one-ninth. Mrs. L. A. Blackwell died February 8, 1873. The original trustees under the will of Mrs. Poillon resigned, and new trustees were appointed, who took a conveyance of the property, subject to the plaintiff's dower right.

The defendants claimed that plaintiff, by reason of her acceptance of rents as above stated, had precluded herself from demanding further admeasurements of her dower, and that she could not have dower out of lands of which the ancestor's widow was endowed :

*Held*, that there had been no assignment of the dower of Mrs. L. A. Blackwell intermediate the death of her husband and of her son Joseph ; and that upon the death of Joseph her right of dower became merged in the life estate which she acquired by statute in his undivided one-half of the lands.

*Held*, that nothing was done by plaintiff, Mrs. L. A. Blackwell and Mrs. Poillon, prior to the latter's death, which estopped the plaintiff from maintaining this action, and that plaintiff's subsequent joining with the trustees in the leases was not an admission that her dower had been assigned, and that she was only entitled to one-ninth of the rent of the lands.

*Special Term, December*, 1880.

*George C. Blanke*, for plaintiff.

*B. L. Harsell*, for defendants.

LAWRENCE, *J.*— There was no actual admeasurement of the dower of Mrs. L. A. Blackwell up to the time of the death of her son, Joseph Blackwell, in 1859. The joining of the mother with her son, Joseph, and her daughter, Mrs. Poillon, in the lease to Josiah W. Baker, did not amount to an admeasurement or assignment of her dower. For what purpose she joined in the execution of that lease does not appear from the evidence, but it is clear from Baker's testimony that Joseph Blackwell was the party to whom all the rents were paid, and who assumed the right, in consideration of money paid by Baker to him, to make a reduction in the rent. Subsequently to the death of Joseph Blackwell in 1859, the rent was paid to Mrs. Poillon, who had become, by the death of her brother

without issue, the owner of the entire fee, subject to the life estate and dower right of her mother therein, and to the dower of the plaintiff, and all the leases which were executed after 1859, up to September, 1866, when she died, were in the name of Mrs. Poillon as sole lessor. No allusion is made in any of those leases to any interest of the plaintiff or of Mrs. L. A. Blackwell in the premises leased. Before assignment the widow has no estate in the lands of her husband; her right is a mere chose in action, which cannot be sold upon execution at law; until that time it is strictly a claim (*Lawrence* agt. *Miller, per* GARDINER, J., 2 *Comst.*, 254; *Moore* agt. *The Mayor, &c., of N. Y.*, 4 *Seld.*, 110); and it was held by the court of appeals, in *Ellicott* agt. *Moser* (3 *Seld. R.*, 301), that the widow would not be barred from maintaining an action for her dower by the fact that she had received for several years after the death of her husband one-third of the rents of lands which had been leased by him.

When Joseph Blackwell died, it seems to me that nothing had been done to deprive Mrs. L. A. Blackwell of her right of action for her dower, and that she could at any time prior to his death have maintained her action (*see cases supra*).

But when Joseph Blackwell died she became, under the statute, entitled to a life estate in the one undivided half of the premises of which he died seized, subject to the dower right of the plaintiff (2 *R. S.*, 1133, *sec.* 6).

By force of the descent of this estate for life to her in Joseph's undivided half, her claim for dower in Joseph's share, I think, became merged in the life estate (1 *Washburne on Real Property* [4*th ed.*], 260, *sec.* 30; 1 *Scribner on Dower*, 224, *sec.* 18; 2 *Scribner on Dower*, 244, *sec.* 17; *Wade* agt. *Miller,* 32 *New Jersey L. R.*, 296; *Jenkins* agt. *Van Schaick*, 3 *Paige*, 242; *Harris* agt. *Fly*, 7 *Paige*, 421; 4 *Kent's Commentaries*, 102).

The objection, therefore, that the plaintiff cannot have dower out of the lands of which the ancestor's widow was endowed cannot be urged in this case.

The rule is, that if there be no assignment of dower to the ancestor's widow, the seizin or estate in possession which descended upon the heir is not defeated, and, consequently, his widow is entitled to dower in the entire premises (*Elwood* agt. *Klock*, 13 *Barb.*, 50).

In that case the court held "that the rule that *dos de dote pete non debet*, is only applied when dower is actually assigned. If no dower is assigned to the widow of the person first seized, the principle is not applicable" (*Elwood* agt. *Klock*, 13 *Barb.*, 50, *and particularly the opinion of* ALLEN, *J.*, *at pp. 55 and 56, and cases there cited*).

If I am correct in the conclusion that there had been no assignment of the dower of Mrs. L. A. Blackwell, intermediate the death of her husband and of her son Joseph, and that upon the death of Joseph her right of dower became merged in the life estate which she acquired in his individual one-half of the lands, it remains to be considered whether there was anything done by plaintiff and Mrs. L. A. Blackwell and Mrs. Poillon, prior to the latter's death, which can be considered as having estopped the plaintiff from maintaining this action. The leases executed by Mrs. Poillon do not throw any light upon this subject. They are in the name of Mrs. Poillon, as sole lessor, as has been before stated.

What proportion of the rents each claimed to be entitled to receive does not appear from those instruments. Mrs. Poillon dealt, so far as can be learned from those instruments, with the property entirely as her own. Certainly there is nothing on the face of the leases which can be fairly construed as an acknowledgment on the part of the plaintiff, either that the dower of Mrs. L. A. Blackwell had been assigned, or that she, as the widow of Joseph Blackwell, was only entitled to one-ninth of the rents of the premises in question.

Has anything been done since the death of Mrs. Poillon which should estop the plaintiff from maintaining this action? It is true that she joined in the leases, which were drawn by

one of the trustees under Mrs. Poillon's will, but the execution of those leases did not, in my opinion, amount to a recognition or admission on her part that her dower had been assigned, and that under such assignment she was only entitled to one-ninth of the rents and profits of the lands. Coke says : " To bar dower the grant must be in fee tail or for the term of her life ; an estate for 100 or 1,000 years, if she so long live, is no bar of dower, *albeit* they be expressly made in lieu of dower" (*Coke on Littleton* [*vol.* 1], *sec.* 41, 36 *b.*).

In *Ellicott* agt. *Mosier* (11 *Barb.*, 574), MARVIN, J., in delivering the opinion of the court, says : " An assignment of rent for dower is said to be against common right, and it is, therefore, the consent and acceptance of the widow which give validity to such assignment, and her consent will not avail where, from the nature of the transaction, she cannot have the like estate or interest in the subject assigned in lieu of dower as she would have had if her dower had been assigned in the usual way during life. The assignment, therefore, with her consent, and acceptance of something in lieu of dower, must be of some part of the lands of which she is dowable, or a rent issuing out of them, and for such an interest as may endure for her life."

Furthermore, it has been held that if dower is sought to be assigned in any form as against common right, it will not operate to bar the widow's claim, unless it be done by indenture to which she was a party, and by which she would be estopped from avoiding it (*See* 1 *Washburne on Real Property*, 223 ; citing *Coke on Littleton*, 36 *b.* ; *Perkins, sec.* 410 ; 1 *Bright, Husband and Wife*, 377 ; *Connant* agt. *Little*, 1 *Pick.*, 189 ; *Jones* agt. *Brewer*, 1 *Pick.*, 314).

The leases which were executed by the plaintiff were under seal, and were all for comparatively short terms. It cannot be said that the rents reserved by those leases were to endure for the life of the plaintiff, and under the authorities above referred to their execution does not preclude her from claiming her dower.

It was contended on the argument, however, that not only was the plaintiff estopped from maintaining this action by reason of her acceptance of the rents and the execution of the leases which were put in evidence, but that a parol agreement must be presumed to have been made for the assignment of the dower of Mrs. L. A. Blackwell. The evidence of Mrs. Poillon is entirely too vague and indefinite to warrant the court in drawing such a presumption, and as to the other evidence, which is relied upon to support the presumption — to wit, the execution of the lease to Baker and the other leases which have been put in evidence — the remarks which I have made in endeavoring to show that neither of the widows was estopped by their execution from asserting any right of dower which she might have had, are equally applicable to rebut any presumption of a parol agreement. And the deed from the late to the present trustees of Mrs. Poillon seems to recognize the fact that Mrs. Aikman's dower right, as the widow of Joseph Blackwell, had never been admeasured or assigned by conveying the premises subject to such right.

The plaintiff is, I think, entitled to judgment in her favor. Decreed accordingly.