## New York Marine Court.

### *Special Term—March,* 1882.

### HESS ET AL., Commissioners of Public Charities and Correction, *against* JEANNES.

Excise cases commenced on the relation of an informer.— Liability for costs.—Where an excise case is commenced in the names of the overseers of the poor on the relation of an informer,

and it is dismissed for the failure of the relator to file security for costs, the judgment for costs should be entered against the relator and not against the overseers.

Motion by the corporation counsel to set aside judgment.

McADAM, J.—The record shows that this action was not commenced by the plaintiffs, through the official law officer of the city government, but by W. H. Mundy, as the attorney of one Rillings, a common informer, who asserted, as his authority, that portion of the act of 1857 (chap. 628, § 30) which permits informers on certain conditions to prosecute for excise penalties in the names of the overseers of the poor. Rillings was, upon motion, made by the defendant, required to give security for costs, upon the ground that he had assumed the position of a person authorized by statute to sue (*Code*, § 3271 ; 62 *How. Pr.* 114). He failed to give the required security, and the complaint in the action was in consequence dismissed, with costs, which have been entered up in the form of a judgment against the plaintiffs, who now move to set it aside for irregularity. The defendant treated Rillings throughout the litigation as the real prosecuting party, and the judgment is founded solely on his default. Notice of all the proceedings either emanated from or were served upon Mundy as Rillings' attorney. None were ever served upon plaintiffs or their official law officer, and now the overseers, and through them the municipality, which pays the expense of their branch of the city government, are officially called upon by the duress of a judgment to pay costs created by the act and neglect of an intermeddling informer, who, after instituting the proceeding upon his own responsibility, abandoned it as soon as called upon by the defendant to assume its responsibilities.

Under the circumstances the judgment ought to

have been entered against Rillings, the real prosecuting party, and not against the nominal plaintiffs, or some suggestion, at least, should have appeared upon the record showing that while in form against them, the judgment was in fact against him. Mundy had no power to involve the overseers in costs or liability (35 *N. Y.* 154). He was not their attorney, and did not assume to act for them, so that the cases cited by the defendant, holding that a client must pay costs incurred in his name, and seek indemnity from the attorney who wrongfully incurred them, have no application. The plaintiffs are not liable for the costs, either individually (19 *Wend.* 51) or officially (8 *Hun,* 247 ; *Id.* 283 ; 3 *R. S.* 6th ed. 760, § 127), nor have I been able to discover why the municipality which furnishes the money should be required to raise and appropriate funds to meet such an unauthorized expenditure.

The judgment must be wholly vacated or modified to conform to these views. Settle order on two days' notice.

Affirmed by the marine court general term and afterwards by the common pleas general term.