## VAN HORNE *vs.* EVERSON and others.

A person who has a duty to perform in respect to a mortgage and the premises covered by it, which is inconsistent with the character of a purchaser—viz. to pay the mortgage debt and prevent a sale—will not be permitted to neglect that duty, and upon a sale of the property at a sale under a statutory foreclosure of the mortgage, to purchase the same and hold it for his own benefit. That would be allowing him to take advantage of his own wrong.

Accordingly, where the plaintiff gave a bond to F. to secure the payment of money loaned to him by F., and procured his wife and G. to join him as his sureties, in executing a mortgage to F. upon property belonging to G. and the plaintiff's wife, as collateral security for the payment of the bond, and the plaintiff neglected to pay his bond, and suffered the premises to be advertised and sold under the mortgage, and became himself the purchaser at the sale; *Held,* that as against his wife and G., and those claiming through or under them, the plaintiff acquired no title to the mortgaged premises by his purchase.

Van Horne *v.* Everson.

When a wife becomes surety for her husband, by making a valid lien upon her own property or estate, she is entitled to the same equitable rights as other sureties.

An action to recover the possession of real estate, and damages for the withholding thereof, cannot be maintained against persons who are not in possession of the premises, and who never have been in possession, nor received the rents and profits, since the plaintiff acquired an interest therein.

THIS action was brought to recover real property, with damages for withholding the same. The facts of the case were these: In October, 1843, the plaintiff applied to George D. Ferguson for a loan of $1100, and on the 25th day of that month he gave his bond to the said George D. Ferguson, in the penalty of $2200, conditioned to pay $1100, in one year from the date, with the interest thereon payable semi-annually. As collateral security for the payment of the money John Gross and Jane Van Horne, the wife of the plaintiff, and with his consent, joined in executing a mortgage of the premises in question to the said George D. Ferguson. The plaintiff signed the said mortgage. John Gross owned the premises for the life of the plaintiff, and his wife owned the remainder, in fee. The plaintiff neglected to pay the bond, and on the 4th of April, 1850, Ferguson assigned the bond and mortgage to Edward T. Schenck, in consideration of $1350. Schenck regularly advertised and sold the premises on the 3d of July, 1850, and they were bid off by the plaintiff, and the necessary affidavits were made and filed to show that the plaintiff was the purchaser at such sale. John Gross died on the 19th of October, 1843, leaving a will by which, among other things, he gave his son John Henry Gross all his personal property, and appointed him and John J. Boshart, his son-in-law, executors of his will. The will was duly proved, and the said John Henry Gross was duly qualified as such executor; and he on the 23d day of February, 1849, sold all his right and interest in the premises to John F. Yates. Yates died intestate in July, 1849, and letters of administration on his estate were granted to the defendants John I. Davis and Mary C. Yates. They, on the 1st of April, 1850, by an agreement under seal, agreed to convey all their interest in the premises, and some other property, to the defendant John Everson,

for the sum of $1200, to be paid as follows: $400 cash, and the residue in two equal annual payments with annual interest. On the execution of the agreement he paid $400 and took possession of the property. On the 1st of May, 1850, he assigned his interest in the said agreement to the defendant John H. S. Everson for $400. The plaintiff gave some evidence of the value of the rents and profits. There was no evidence that the defendants John I. Davis and Mary C. Yates had, at any time after the purchase by the plaintiff, been in possession of the premises, or received the rents and profits thereof. And on that ground their counsel requested the court to instruct the jury to discharge them. The court refused so to instruct the jury, but decided that there was sufficient evidence to authorize the plaintiff to recover against all the defendants; to which the counsel for the defendants excepted.

The court charged the jury that the plaintiff was entitled to recover the premises described in the complaint, and damages for withholding the possession thereof, against all the defendants; to which charge, and every part thereof, the counsel for the defendants excepted.

The counsel for the defendants requested the court to charge the jury that the mortgage under which the plaintiff claimed title, having been given by Gross at the request of the plaintiff, to secure a loan to the plaintiff, and for his benefit, as against Gross and those claiming through or under him, the plaintiff acquired no title to the mortgaged premises by his purchase thereof on the sale under and by virtue of the foreclosure of said mortgage. The court refused so to charge, and the counsel for the defendants excepted. The counsel for the defendants John I. Davis and Mary C. Yates requested the court to charge the jury that, the plaintiff having failed to show that those defendants were at any time since the said mortgage foreclosure, ever in possession of the said premises or any part thereof, or had claimed or exercised any control over the same, the plaintiff could not recover any damages against them, or either of them, for withholding the premises; which the court refused to do, and the counsel of those two defendants excepted.

Van Horne *v.* Everson.

The jury found a verdict for the plaintiff, for the premises described in the complaint, and assessed the damages of the plaintiff, for the withholding thereof, against all of the defendants, at $300

*E. T. Schenck,* for the plaintiff.

*R. H. Cushney,* and *Platt Potter,* for the defendants.

*By the Court,* CADY, J. The most important question in this cause is, did the plaintiff, by his purchase, acquire any title as against persons claiming under Henry Gross? The plaintiff's bond to George D. Ferguson, the mortgagee, was the evidence of the debt. It was the debt of the plaintiff, which he was bound to pay. He neglected to pay his bond, and for that reason the assignee of the bond and mortgage advertised and sold the mortgaged premises, and the plaintiff, the obligor, bid more than the sum due, and now claims that he acquired a valid title to the estate of his sureties. If that claim can be upheld, then one of the oldest and wisest maxims of the common law—that no man shall take advantage of his own wrong—must be overruled, and a man must hereafter be allowed to make out a good title through his own turpitude and dishonesty. In this case the plaintiff, the obligor in the bond, was under as strong a legal obligation to the obligee to pay the debt as *could* be created. And as to his sureties, he was under both a legal and moral obligation to pay the debt. But these obligations he disregarded, and seeks to establish a title through his own violation of duty. I cannot persuade myself that the common law can sanction such palpable injustice. By this action what does the plaintiff say to his surety? He says "I was bound to pay my bond. I had in my pocket money enough to pay it three times over. I intentionally neglected to pay it, that the land of my sureties might be sold to me at a sacrifice, and that by paying a debt due from me I might acquire their estate." Can the common law allow this?

In *Torrey* v. *Bank of Orleans,* (9 *Paige,* 649,) the chancellor,

at page 663, held "that no party can be permitted to purchase an interest when he has a duty to perform that is inconsistent with the character of a purchaser." In that case the Bank of Orleans had taken a conveyance of a lot of land, in which conveyance it was recited that the land conveyed, and other lots, were subject to a certain mortgage, a part of which the bank was to pay. The bank neglected to pay the interest, and the mortgage was foreclosed. The cashier of the bank attended the sale and purchased in one lot for the Bank of Monroe, and for the Bank of Orleans what belonged to that bank, and for himself the other lot, which belonged to one of the complainants. The vice chancellor held that purchase valid. The chancellor reversed that decree, and held that it was the duty of the bank to have paid the mortgages and prevented the sale; and that Clark, the cashier, was the agent of the bank. And the chancellor set aside the conveyance to him, and decreed that he and the bank should release that lot to Torrey. That case was not so strong against the defendants as this is against the plaintiff. (See *Dickinson and wife* v. *Codwise and others*, 1 *Sandf. Ch. Rep.* 226, *and cases there cited.*) It is difficult to imagine a claim more inequitable than the one made by the plaintiff in this case. He refused or neglected to pay, according to his bond, and in consequence of that neglect the land of his sureties was sold and he purchased. This was a gross fraud on his part, by which he ought not to be benefited. Although his wife is not a party to this suit, it is well enough to inquire whether he, by neglecting to pay his bond, has acquired a title to her remainder in fee? She was his surety: she mortgaged her estate to secure the payment of his debt. *Neimcewicz* v. *Gahn*, (3 *Paige*, 614,) shows that when a wife becomes surety for her husband, by making a valid lien upon her own property or estate, she is entitled to the same equitable rights as other sureties. That case also shows that when a surety pays the debt of his principal, he has a right to be substituted in the place of the creditor, as to all his remedies against the principal debtor and his estate. In that case the wife had joined the husband in a mortgage of her estate, for his debt, and it was held, on a bill filed against both,

that if her estate was sold she would be entitled to a decree over against her husband. If in this case the mortgagee had filed a bill against all these parties, and the plaintiff's wife, to foreclose the mortgage, his wife and the other defendants in this suit would have been entitled to a decree against this plaintiff, for an indemnity. And as the defendants are entitled to full indemnity from the plaintiff, why should they be bound to have recourse to another action, when a judgment in their favor in this action secures to them the precise indemnity to which they are entitled? The law seeks to avoid a multiplicity of actions, when perfect justice can be done without. And now there is no distinction between courts of legal and equitable jurisdiction, and the defendant ought in no case to be turned round to another action when perfect justice to him can be done in the action in which he is defendant. I am of opinion that the plaintiff ought to have been nonsuited upon that ground, and that a new trial ought to be granted.

There is another ground, however, upon which a new trial ought to be granted. The defendants John I. Davis and Mary C. Yates, were improperly made parties, and the jury ought to have been instructed to discharge them. The plaintiff, in his complaint as to all the defendants, alledged that they were wrongfully in possession of the said premises, *and* wrongfully claimed a right thereto, and although often requested, they had refused, and still refused to deliver up the premises to the plaintiff, and that the plaintiff had sustained damages to the amount of $500, by reason of the defendants' withholding from him the possession of the said premises ; and the plaintiff demanded judgment that the defendants forthwith deliver up to him the possession of the said premises. This is the plaintiff's case as stated in his complaint. The defendants John I. Davis and Mary C. Yates in their answer deny, among other things, that they were in possession, or had received any rents or profits from the premises, since the plaintiff's purchase. An issue to be tried was whether the defendants John I. Davis and Mary C. Yates were in possession ; and another was whether they had received any rents or profits after the plaintiff's purchase. There was no

evidence that the defendants John I. Davis and Mary C. Yates had been in possession, or had received the rents and profits after the plaintiff's purchase. On what principle of law could a verdict be rendered against them? How can the court give judgment that these defendants do forthwith deliver possession to the plaintiff? As to the defendants Davis and Yates they have no power to deliver possession; and why should judgment be rendered against them to pay $300 for the rents and profits, when they never received a penny? They have done nothing since the plaintiff's purchase, to his prejudice.

There is nothing in the code, unless it be the 110th section, which authorizes a party not in possession to be made a defendant in an action to recover possession of real estate. By that section " any person may be made a defendant who has or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination and settlement of the questions involved therein." This section, I suppose, relates to causes which formerly belonged to the court of chancery, and requires all persons to be made parties, so that a complete decree or judgment can be made. By section 122, when a complete determination of the controversy cannot be had without the presence of other parties, the court is to order them to be brought in. This, too, relates to such actions as formerly belonged to the court of chancery. So section 274 gives to the court power to give judgment for or against one or more of several plaintiffs, and for or against one or more of several defendants; and to determine the ultimate rights of the parties on each side, as between themselves. This is a power which formerly belonged to the court of chancery. In that court a defendant might insist that a person against whom he might have a remedy over should be brought in as a defendant. And formerly, in a real action, the tenant might vouch his warrantor, and have a remedy over in the same action. But that could not be done in a possessory action: there the warrantor was brought in, not at the instance of the demandant, but of the tenant. In this case what claim had the plaintiff against John I. Davis and Mary C. Yates? They never had possession for one moment

after the plaintiff professes to have purchased the premises. Nor have they received any of the rents or profits. They were not to convey the premises with warranty. What justice is there in charging them $300 for the rents and profits which they did not receive? They, on the 1st of April, 1850, agreed to sell all their interest in the premises to the defendant John Everson, and he then went into possession. At that time the plaintiff had no pretense of right to the premises, and they had a perfect right to sell their interest. And by agreeing to sell it they did no wrong to the plaintiff. And it seems to me that the most ingenious counsel would find it impossible to state a good cause of action in favor of the plaintiff, against the defendants John I. Davis and Mary C. Yates, and confine himself to the facts in the case. The plaintiff had no right to make them parties, in order to give the other defendants a remedy over.

I am therefore of opinion that as to the defendants John I. Davis and Mary C. Yates, there was error in ruling that the plaintiff had a right to recover, as against them; and that for that cause, if for no other, a new trial ought to be granted; the costs to abide the event of the suit.

New trial granted.

[FRANKLIN GENERAL TERM, July 5, 1852. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]