## GARNER v. MARSHALL et al.

The general rule as to the effect of a verdict upon defects in pleading, is, that wherever facts are not expressly stated which are so essential to a recovery that, without proof of them on the trial, a verdict could not have been rendered under the direction of the Court, there the want of the express statement is cured by the verdict, provided the complaint contain terms sufficiently general to comprehend the facts in fair and reasonable intendment.

It is error to refuse, in an action of ejectment, a nonsuit as to such defendants as were not in possession of the premises at the commencement of the action.

Ejectment is a possessory action, and must be brought against the occupant; it determines no rights but those of possession at the time, and it matters not who has, or · claims to have, the title of the premises.

It will only lie against a party out of possession claiming title when the premises are unoccupied, and his claim is accompanied with the exercise of acts of ownership, such as enclosure, cultivation, and the like.

The thirteenth section of the Practice Act, which provides that any person may be made defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved, has no application to the action of ejectment. It refers to cases in equity.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was an action of ejectment, to recover possession of a tract of land. The averments of the complaint appear in the opinion of the Court. At the close of the plaintiff's testimony, the defendants moved the Court "for a nonsuit as to defendants Sotor and Marshall, on the ground that no proof had been given that either of them were in the actual occupation of the premises at the time of the commencement of the suit." There was no proof of possession on the part of these defendants, but the evidence established the fact that the defendant Spear was in the occupation of the premises at the commencement of the action. The Court denied the motion, and the defendants excepted. At the close of the testimony, the defendants' counsel asked the Court to instruct the jury, "That if they believed, from the evidence, that the premises were actually occupied at the time of suit brought, by defendant Spear, and that defendants Sotor and Marshall, at the time of bringing suit, were not in actual occupation of the premises, then said Sotor and Marshall were entitled to a verdict."

The Court gave this instruction, with this qualification, viz.: "That if they believed that defendants Sotor and Marshall made any claim to the premises, then they were liable in this action." To the giving of which defendants excepted. Plaintiffs had judgment, and defendants appealed.

*Barber* for Appellants.

1. The Court erred in charging the jury, "That if the jury be-

Garner v. Marshall.

lieved, from the evidence, that defendants Sotor and Marshall made any claim to the premises, then they were liable in this action."

There is no evidence whatever that Sotor ever did make any claim to the premises.

Neither Sotor nor Marshall, so far as the evidence shows, ever lived on the premises; and at the time of bringing suit, the premises were in the sole actual occupation and possession of defendant Spear.    6 Wendell, 666; 12 Wendell, 558; 5 Hill, 48.

2. The Court erred in refusing a nonsuit on behalf of defendants Sotor and Marshall, as requested by defendants' counsel.

Neither of them were in possession of the premises at the time of bringing suit, and should have been discharged.

That Marshall claimed the premises (being out of possession) makes no difference.

The Practice Act, section two hundred and fifty-four, provides a mode of determining conflicting claims to real estate, but not by an action of ejectment.    Ejectment is a possessory action, and unless defendant be in possession at the time of bringing suit, he is entitled to be discharged.

*L. Quint* for Respondent.

The nonsuit was properly refused; the answer was a general denial, and the whole defence made by Marshall and Sotor, who claimed title.    Winans et al. *v.* Christy et al., 4 Cal. R., 70.

The doctrine sought to be established in the case of Mesick *v.* Sunderland, that possession could not be given in evidence as constructive notice of title, has been entirely overthrown.    In the case of Bird *v.* Denison, 7 Cal. R., the Court says: "From the nature of the subject, there can be no informal rule laid down by the Courts—the facts and circumstances of each particular case must determine it."

FIELD, J.—The complaint in this action is very defective; it does not allege title or prior possession in the plaintiff or those through whom he claims, and it contains no direct averment of any entry by the defendants, or occupation by them at the commencement of the action.    It simply sets out the execution of a mortgage upon the premises by one Johnson, and the proceedings in a foreclosure-suit thereon, the entry of the decree, the sale thereunder and purchase by the plaintiff, to whom a Sheriff's deed was given, without any mention of title or possession in the mortgagor, and concludes with an averment of demand upon the defendants for the possession, and their refusal to deliver the same.    The defects would have been fatal on demurrer, and we are not entirely satisfied that they are cured by the verdict. The general rule is, that wherever facts are not expressly stated, which are so essential to a recovery, that, without proof of them

18

on the trial, a verdict could not have been rendered under the direction of the Court, there the want of the express statement is cured by the verdict, provided the complaint contain terms sufficiently general to comprehend the facts in fair and reasonable intendment. (Stephens on Pleading, 149; Jackson v. Pesked, 1 M. and S., 234.) The decision of the question is not essential to the determination of the appeal, as the judgment below must be reversed upon another point.

The evidence produced on the trial established the fact that the defendant Spear was in the occupation of the premises at the commencement of the action, and that the other defendants only claimed title to them under a constable's sale. No attempt was made to prove possession by Marshall and Sotor, and the Court below erred in refusing a nonsuit as to them, and in qualifying the instruction requested as to their occupation of the premises. Mere assertion of title in conversation with the plaintiff's witness could not render them liable in the action. Ejectment is a possessory action and must be brought against the occupant; it determines no rights but those of possession at the time, and it matters not who has, or claims to have, the title of the premises. It will only lie against a party out of possession claiming title when the premises are unoccupied, and his claim is accompanied with the exercise of acts of ownership, such as enclosure, cultivation, and the like. The thirteenth section of the Practice Act, which provides that any person may be made defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved, has no application to the action of ejectment. It refers to cases in equity where all persons, whose rights may be affected, are to be brought in as parties, in order that a complete decree may be rendered, (2 Greenl. Ev., 304; Jackson v. Ives, 9 Cowen, 661; Van Horn v. Everson, 13 Barb., 532; Champlain and St. Lawrence Railroad Company v. Valentine, 19 Barb., 485.)

Judgment reversed, and cause remanded.

Terry, C. J.—I concur in the judgment, for the reasons stated in the opinion, and for the additional reason that the complaint does not state facts sufficient to constitute a cause of action.

Burnett, J.—I concur in the judgment, but am not now prepared to say that the thirteenth section of the Code refers alone to cases in equity. The plaintiff should have failed as against the defendants Marshall and Sotor, for the reason that neither they nor plaintiff had possession. There being no possession, either by the plaintiff or these defendants, the plaintiff could not sustain this action as against them. The suit, so far as they were

concerned, was a bill to quiet the title, which could not be brought by a party out of possession.   (Code, section 254.)