## SUPREME COURT.

WILLIAM W. PULEN and others agt. LAWRENCE REYNOLDS.

The character and form of the action of *ejectment* has not been essentially changed by the Code. It is still a possessory action to be brought against the *actual occupant*, with liberty to any other person having an *interest, to apply to be made a party*.

In an action of *ejectment*, the *landlord* is not a necessary party, and cannot be joined as defendant with the *tenant in possession*.

There is no case which decides that under any circumstances a person *out of possession* can be made a party *against his consent*.

*Oswego Circuit and Special Term, January, 1861.*

W. TIFFANY, *for defendant.*
GEORGE HASTINGS, *for plaintiffs.*

ALLEN, Justice.   The defendant Reynolds is made a party defendant in an action of ejectment against those in actual possession, with an allegation that he claims some right, title or interest in said premises, and has received the rents and profits thereof for a long time before and up to the time of the commencement of this action.

The plaintiff claims that section 118 of the Code autho-rizes a landlord to be joined with the tenant in possession in actions to recover the possession of real property, as " a necessary party to a complete determination or settlement of the question involved." The action is a possessory action, and does not settle the right, except as to the pos-session.   It determines no right of property, and therefore the landlord is not a necessary party, as it has been ex-pressly held.   (*Van Buren* agt. *Cockburn*, 14 *Barb.*, 118.) As the section only authorizes those to be made parties who are necessary to a determination of the questions in-volved, it follows that the joinder of the landlord with the tenant is unauthorized by the section.   There is very good authority for holding that this section only applies to equi-table actions, such as would have been formerly the sub-jects of a suit in chancery, and that it was only intended to retain, as applicable to that class of actions, a rule which had been found so necessary, but which cannot well be applied to common law actions, or forms of common law procedure and trial.   *Voorhies* agt. *Childs*, (17 *N. Y. R.*, 354,) by SELDEN, J. ; Judges PRATT, STRONG and DENIO con-curring ; *Van Horne* agt. *Everson*, (13 *Barb.*, 526,) by CADY, J. ; Judges WILLARD, HAND and C. L. ALLEN agreeing with him.   By the Revised Statutes, (2 *R. S.*, 341, § 17,) in actions against a tenant to recover the land held by him,

or the possession of such land, the landlord of the tenant and any person having any privity of estate or interest with such tenant or landlord in the premises, may be made defendant with the tenant, or appear without such tenant, at his election. But he could not be made a party except at his election and on his own application. (*Shaw* agt. *McGraw*, 12 *W. R.*, 558.) The same will hold good under the Code. (*Godfrey* agt. *Townsend*, 8 *How.*, 398.) The same privilege is given expressly by § 122 of the Code, and by it any person, not a party to an action for the recovery of real or personal property, but having an interest in the subject thereof, may be made a party to the action upon his own application; and by sections 455 and 471 of the Code, the general provisions of the Revised Statutes relating to actions concerning real property, are made applicable to actions brought under the Code. The character and form of the action of ejectment has not been essentially changed by the Code. It is still a possessory action, to be brought against the actual occupant, with liberty to any other person having an interest, to apply to be made a party. Judge PARKER, in an early case, (*Waldoph* agt. *Butler*, 4 *How.*, 358,) was of the opinion that the Code had changed the rule as to parties in ejectment, and that it was proper to include as defendants all persons having or claiming an interest in the controversy adverse to the plaintiff. This case has not been followed; and in *Barton* agt. *Wright*, decided by the court at general term in the third district in 1852, it was held that it was a misjoinder of parties to unite the landlord with the tenant in possession, in an action of ejectment. (*Van Santvoord's Plead.*, 178, *note* 1.) In *Fosgate* agt. *Herkimer Manufacturing and Hydraulic Co.*, (12 *Barb. R.*, 352; *S. C.*, 2 *Kern.*, 580,) the misjoinder was treated as waived by the answer of the landlord, and that the appearance of the landlord without objection was equivalent to an election to be made a party under the statute. In one or two other cases the judges have said, a person out of

possession could not be joined as a defendant with the actual occupant, without averments showing some connection between them, or the receipt of rents and profits by the party out of possession; (*Van Horne* agt. *Everson,* 13 *Barb.,* 526; *Tompkins* agt. *White,* 8 *How.,* 520;) but no case decides that under any circumstances the person out of possession can be made a party without his consent. *Roberts* agt. *Randal,* (3 *Sand.,* 707,) approved by HARRIS, J., (18 *N. Y. R.,* 315,) is somewhat analogous, and strengthens the argument against the supposed change in the theory and practice in the action of ejectment, as regards the parties defendants.

I think no cause of action is alleged against Reynolds, and the demurrer must be sustained, with leave to the plaintiffs, if they choose so to do, to amend on payment of costs.