## AUGUST C. NANZ, APPELLANT, *v.* JESSE OAKLEY, RESPONDENT.

*One principal on a bond cannot sue a surety thereon, to recover for a breach of the bond by his co-principal.*

Letters of administration upon the estate of one Shultz were granted to Rachel Depew, the only heir-at-law and next of kin of the deceased, and one Winant. The estate was managed by Winant alone. In proceedings to compel him to account instituted before the surrogate, by Rachel Depew and continued by her administrator, a decree was entered directing Winant to pay to the administrator of Rachel the amount thereby found to be due. Winant having failed to pay this amount the claim was assigned to the plaintiff, who brought this action against the defendant, the only surviving surety upon the official bond conditioned for the faithful execution of the trust reposed in the said Rachel Depew and the said Winant, given when the letters were issued to Winant and Rachel.

*Held,* that the action was, in effect, one brought by a principal to a bond against his own surety thereon to recover damages for the wrongful acts of his co-principal.

That the negligence of the plaintiff assignor enabled the co-principal to commit the wrongful acts, and that this action could not be maintained.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Wm. H. Mundy*, for the appellant.

*David Thornton*, for the respondent.

Brady, J.:

It appears from the evidence in this case that one Mary Ann Schultz died in the city of New York intestate, and that Rachel Depew, who was her only heir and next of kin, consulted Bornt P. Winant, a merchant doing business at Rossville, Staten Island, and not far from where Rachel lived, about the estate, who advised her that letters of administration were necessary and proposed to act as administrator. Rachel having accepted this advice and offer he applied for the letters and Rachel joined in the application as required by law. They were granted to both of them.

The defendant and Peter Cortelyou executed the joint and several bond required by the statute in such cases. Bornt P. Winant, however, alone administered the estate, and after the time in which he was required to file his account had expired Rachel filed a petition to compel such a proceeding on his part. He answered by claiming that he had settled with her and that she had no standing in court to compel him to account. This she denied and a reference was ordered by the surrogate. Pending the reference Rachel died without leaving a will, and one Cornelius W. Depew was duly appointed by the surrogate of Richmond county administrator upon her estate. As such he presented a petition to the surrogate in this county to revive the proceedings instituted by Rachel Depew for an accounting and his application was granted. Issue was joined and the referee previously selected was appointed. He found that Winant was indebted to the estate and to the heir-at-law about $2,000, and that Winant ought to file his account as administrator and so reported to the surrogate. Exceptions were taken to the report, but were overruled and he was required to file his account. He failed so to do, and proceedings to punish him for contempt being instituted he began proceedings to account. The account was filed and included an item of $2,000 as a payment to Rachel. The matter was again referred to the same referee to take the proofs and report to the surrogate. The referee found there was something like $2,000 unpaid to Rachel, and still due to her representatives, which the administrator had converted to his own use.

The report was confirmed and a final decree made and entered adjudicating that the amount mentioned was due and payable to Cornelius W. Depew from the administrator of Mrs. Schultz, together with compound interest, annual rests and costs, in all the amount claimed in the plaintiff's complaint herein, and Winant was ordered to pay it to Depew, as administrator, or to William H. Mundy, his attorney. He failed to make the payment, or any part of it, and the claim thus established was assigned to the plaintiff herein. This action was, therefore, brought against Jesse Oakley, the defendant (the other surety being dead and his estate worthless), to recover the amount of the decree.

The right of the plaintiff to succeed was resisted upon the ground that there was no cause of action in favor of the plaintiff, as assignee. And this broad proposition rests upon the assumption that it was an action in which the principal was suing her own surety, upon a bond executed by herself, for the wrongful acts of her co-principal, essaying in effect to make the surety liable to his own principal, which is an unheard of proceeding, and if successful would reverse the whole theory of the relation of principal and surety.

We do not see very well how this proposition can be successfully disputed. The condition of the bond entered into was that if Rachel Depew and Bornt P. Winant should faithfully execute the trust reposed in them as administratrix and administrator of all and singular the goods, chattels and credits of Mary Ann Schultz or Scholtz, late of the city and county of New York, deceased, and obey all orders of the surrogate of the county of New York, touching the administration of the estate committed to them, then this obligation to be void, else to remain in full force and virtue.

The defendant was therefore a surety for both Rachel Depew and Bornt P. Winant, and they were equally bound, so far as he was concerned as surety, to look after the estate; and neither could be permitted as against the sureties to take advantage of any liability growing out of an omission to observe this duty, whatever relations might exist between them and creditors. The relation established between them and their sureties was such that both were equally bound so to administer the estate that the sureties should incur no liability. The undertaking of the sureties was that both principals would administer the estate; and if one of them converted it, it

must necessarily have been because the other did not unite in the actual administration which appears to have been the case here. And, therefore, whatever loss was occasioned was the result of the negligence of the one who failed ·to discharge her duties. The sureties indeed are entitled to indemnity from the principals for any loss resulting from the conduct of the latter, and not at all to be subjected to liability to them occasioned by their own misfeasance or malfeasance. It was held in *Van Horne* v. *Everson* (13 Barb., 526), where it appeared that the principal had neglected to pay, and the land of his sureties was sold for the debt and he purchased it, that he acquired no title against his sureties. He could not take advantage of his own wrong. The ruling was in accordance with the dictates of natural justice and equity. The remedy of the plaintiff herein seems to be against the co-principal or his representatives.

For these reasons the judgment should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.