## BELL v. FOXEN *et al.*

### *(Circuit Court, S. D. California.  May 19, 1890.)*

1. EJECTMENT—PLEADING—COSTS AND DAMAGES.
     In ejectment for land of which the several defendants had taken possession, each claiming a certain portion, where some of the defendants enter a disclaimer, and others, with plaintiff's consent, agree to a judgment against them without costs or damages, the remaining defendants, who only plead the general issue, are, on a general verdict against them, liable for all the costs and damages.
2. SAME—POSSESSION.
     Ejectment lies against persons who have entered on land, and claim possession adverse to the true owner, though they are not personally in possession at the commencement of the action.

At Law.    Ejectment.
*James Wheeler* and *Charles Fernald*, for plaintiff.
*Waldo M. York*, for defendants.

ROSS, J.    There can, I think, be no doubt about the facts of this case.    The action is ejectment, and the land in controversy is a part of the Rancho La Laguna de San Francisco, which was a Mexican grant, confirmed and patented by the government of the United States.    At the trial plaintiff deraigned title to the portion in dispute, which title vested in him long prior to the acts of the defendants complained of.    In January of 1889 the defendants entered upon the land, asserting that the patent was obtained by fraud, and that the land was public land of the United States; surveyed and staked it off, each posting a notice that he claimed 160 acres thereof, and some erecting shanties and some tents upon their respective claims, and in one or two instances taking possession of small houses that the plaintiff had theretofore erected upon the premises.    The case shows that the action of the defendants was in pursuance of a concerted plan on their part to assail the validity of the patent under which the plaintiff holds, and to assert a right in themselves to the possession of the land; and, although they did not long remain in personal, physical possession of the land, they continued to maintain their notices and claim to it, and, when remonstrated with by the agent of the plaintiff, continued to assert the invalidity of the patent, and that the land belonged to the government, and that they were therefore entitled to the possession of and claimed 160 acres each; and this claim was reiterated to the marshal of this district when serving the process issued in this action.    The land in question is a large body of grazing land, and by these acts of the defendants plaintiff was prevented from renting it for grazing purposes, which he otherwise could have done, its rental value being $1,500 per annum.    In respect to some of the original defendants, namely, J. M. Birabent, Luis Birabent, William Foxen and J. W. Oliver, the action has been dismissed; and some of them, to-wit, Gustavus A. Davison, John T. Rice, William E. Shanklin, C. H. Mills, F. M. Tunnell, and William B. Holland have filed written consent to judgment against them, without damages or costs, to which consent plaintiff in

writing has acceded. The action has also been dismissed as to the fictitious defendants. The remaining defendants pleaded only the general issue, and, as they were all trespassers upon the plaintiff's land, which was but a single parcel, if each is made liable for all of the damages and costs it is a necessary consequence of their own conduct. In *Greer* v. *Mezes*, 24 How. 277, the supreme court said:

"In the action of ejectment, the plaintiff will not be allowed to join in one suit several and distinct parcels, tenements, or tracts of land, in possession of several defendants, each claiming for himself. But he is not bound to bring a separate action against several trespassers on his single, separate, and distinct tenement or parcel of land. As to him, they are all trespassers, and he cannot know how they claim, whether jointly or severally, or, if severally, how much each one claims; nor is it necessary to make such proof in order to support his action. Each defendant has a right to take defense specially for such portion of the land as he claims, and by doing so he necessarily disclaims any title to the residue of the land described in the declaration; and if, on the trial, he succeeds in establishing his title to so much of it as he has taken defense for, and in showing that he was not in possession of any of the remainder disclaimed, he will be entitled to a verdict. He may also demand a separate trial, and that his case be not complicated or impeded by the issues made with the others, or himself made liable for costs unconnected with his separate litigation. If he pleads nothing but the general issue, and is found in possession of any part of the land demanded, he is considered as taking defense for the whole. How can he call on the plaintiffs to prove how much he claims, or the jury to find a separate verdict as to his separate holding, when he will neither by his pleading nor evidence signify how much he claims? This was a fact known only to himself, and one with which the plaintiff had no concern, and the jury no knowledge. If a general verdict leaves each one liable for all the costs, it is a necessary consequence of their own conduct, and no one has a right to complain."

I think there was such a possession of the premises by defendants as will justify a judgment in ejectment. The actual personal presence of defendants on the land at the time of the institution of the action is not necessary to its maintenance. Any subjection of the property to the will and dominion of the party is sufficient. *Mining Co.* v. *Hicks*, 4 Sawy. 688; *Garner* v. *Marshall*, 9 Cal. 268. Acts by which a claim to the possession, hostile to the true owner, is asserted and maintained, and by which he is excluded from the enjoyment of the property, fairly subjects the party committing them to the action. It results from these views that plaintiff is entitled to judgment for the possession of the premises in dispute, as against all of the defendants as to whom the action remains pending, and for damages in the sum of $1,875, and costs of suit against all of such defendants except Gustavus A. Davison, John T. Rice, William E. Shanklin, C. H. Mills, F. M. Tunnel, and William B. Holland. So ordered.