## BARNEY v. CUTTLER & MOULTROP.

A defendant against whom there is no evidence and is discharged from any interest may have his name erased from the writ and be a witness.

An execution not recorded in the office from whence it issued although recorded in the records of the town clerk, cannot be revived as evidence of title.

A party not prejudiced by a fraudulent conveyance cannot take advantage of it — administrators and executors who sell land by order of the general assembly, or of the Court of Probate, are not within either the letter or reason of the law, against conveying lands of which the grantor is disseized, etc.

ACTION of ejectment for a piece of land in New Haven. Plea — No wrong or disseisin. Issue to the jury.

The land was originally Jonathan Mix's, was attached by Joseph Adams on the 26th of January A. D. 1776; judgment obtained and execution levied on the 21st of May, A. D. 1776; Adams died insolvent, and his executors sold this land by order of the Court of Probate to the plaintiff, on the 19th of March, A. D. 1791.

After Adams had attached the land as aforesaid, and before he had levied his execution upon it, Abraham Austin levied an execution upon it for a debt due to him from said Jonathan Mix; Austin then sold and conveyed it to Moultrop one of the defendants, who paid the consideration money to said Adams for a debt said Austin owed him; Moultrop then gave a deed of it to Cuttler the other defendant, and Cuttler entered into possession, and was in holding and claiming the same as his own, when the executors of said Adams gave a deed of it to the plaintiff.

There being no evidence against Moultrop one of the defendants, and Cuttler having given him a discharge from the

covenants in his deed, and of all actions and causes of action on that account, moved that his name might be struck out of the writ and admitted as a witness, which was accordingly done.

The defendant offered a copy of Abraham Austin's execution and levy, recorded in the record in the town of New Haven, which had been returned to the clerk of the County Court from whence it issued, but not recorded; upon objection made to it on that account, the court ruled it not to be admissible to the jury.

The jury brought in a verdict for the defendant, and the court thereupon gave their opinion upon the law in the case, with their reasons.

The defendant rests his defense upon two points; the first is — a fraud practiced by Adams upon Moultrop in the transaction.

By the COURT. Be this as it may no person can avail himself of a fraud, but he who is prejudiced by it; the defendant's title in this case, cannot be affected by it, for he has got none; his execution and levy having never been recorded in the records of the County Court from whence it issued.

The second is — the statute law of the state by which it is enacted " That all bargains, sales, leases, or other alienations, etc. of lands, tenements, or hereditaments whereof the lessor, vendor, grantor, or the person who doth execute any instrument in writing transferring any right or title to lands, etc. to another person, the present possessor thereof only excepted; is disseized or ousted of the possession thereof, by the entry or possession of any other person or persons, shall be null and void and of no effect in the law," etc. And the statute makes it highly penal for any person to give or receive any deed under the circumstances aforesaid. And when the deed from the executors of said Adams was given to the plaintiff they were disseized and ousted of the possession by the entry and possession of the defendant.

By the COURT. Executors and administrators are officers of trust, and act by virtue of their power; and when they sell

and give deeds of land in their official character, pursuant to orders from the general assembly or the Court of Probate, they are not within either the letter or reason of that law.

The preamble of the statute is — This assembly observing the growing inconveniency in the government, by means of many taking in hand, bearing up, or upholding of quarrels, and sides, etc. Further this is a penal statute, and is to be construed strictly; those who counteract the purview of the statute, are within the penalty.

Guardians who give deeds of the lands of their wards, pursuant to a decree of a court of chancery — executors, etc. who give deeds of the lands of the deceased by order of the assembly or of the Court of Probate — and collectors who sell lands for payment of taxes by order of law — and the treasurer who gives deeds of land belonging to the state, cannot be said to be seized or disseized of the lands, they undertake to convey; who do not act in their own right, or by virtue of any interest they have, but wholly by public authority, cannot be considered as being in any sense within the statute: Besides, most of them are under injunctions to convey in a limited time which would render the performance of their duty impracticable if it was necessary, in such cases, that possession should be recovered, before a sale would be valid.

The case of Daniels v. Avery, adjudged at New London in A. D. 1785, where the deed of an administrator upon an insolvent estate was adjudged to be void by force of the statute, because a third person was in holding and claiming the lands against the administrator, is but a single decision, and cannot be the true meaning and construction of the law. See Allin et al. v. Hoyt, Kirby's Rep. 221.