Mason, J.
The code has enacted some new rules with regard to insufficient and irrelevant pleadings, which have not been attended to in these demurrers.
In the first place, a plaintiff can demur for insufficiency, only to new matter which is set up by way of defence. (Section 153 in connection with section 149.) If irrelevant or redundant matter is inserted, he may move to strike it out; or if an allegation is so indefinite or uncertain; that the precise nature of the defence is not apparent, he may move that it be made more definite. (§ 160.)
The first demurrer taken, falls under the provisions of this last section. If the statement of the agreement between the defendants is immaterial, it may upon application be stricken out; and if the allegation of the defective execution by the plaintiffs of the articles, is too indefinite or uncertain, it may be made more definite or certain by amendment; or it may be stricken out as irrelevant. This last matter, if well pleaded, would be in the nature of a demurrer to the plaintiff's claim. It amounts to this, that upon the plaintiff’s own showing, the defendants were not bound by the agreement, and no demurrer can be taken to a demurrer, whether the issue in law be well or ill tendered. (Steph. on Plead. 256.) The first demurrer must therefore be overruled.
The fifth demurrer is liable to one of the same objections ; it *703 is taken on the ground of the immateriality of the matter demurred to, and must therefore be overruled.
Nor is it a ground of demurrer, that the defendant has not denied any allegation of the complaint in the form and manner prescribed by section 149. The 168th section provides, that every material allegation of the complaint not specifically controverted by the answer, as prescribed by section 149, shall be taken as true. If, therefore, the plaintiff is right in supposing that the defendants’ denial of knowledge of any fact other than from the complaint, is not such a denial as is required by the code, he is saved from the necessity of proving such fact on the trial. This remark applies to the third, fourth and sixth demurrers, which must therefore be overruled, ,