## SUPREME COURT.

The People of the State of New-York, and James B. Taylor and Owen W. Brennan agt. The Mayor, &c., of New-York, and others.

It is not good cause of demurrer that there are too many plaintiffs or too many defendants.

Nor is it good cause of demurrer that the plaintiff asks in his complaint for more than it shows he is entitled to; for relief that he is not entitled to; or for further relief than he is entitled to.

Nor is the insertion in the complaint of redundant or impertinent matter, or of irrelevant or unmeaning verbiage, cause of demurrer.

Under the Code, the plaintiff may present in his complaint a mass of heterogeneous facts, and a volume of unmeaning words, and any number of prayers for the most various and inconsistent relief; and none of these defects can be reached by demurrer, provided the complaint contains no matter in what state of disorganization, the elementary constituents of a good cause of action.

On demurrer to such a complaint, on the ground that it contains no cause of ac-

NEW-YORK PRACTICE REPORTS. 57

The People agt. The Mayor, &c., of New-York.

tion, it is the duty of the court to uncover the mass of heterogeneous facts, and to sort out and to arrange them; and if it is found that any lot or parcel of them, when arranged and placed together, will stand alone as a cause of action, it is the duty of the court to overrule the demurrer.

In this case two sets of plaintiffs by different attorneys, the people of the state, by their attorney-general, and Taylor and Brennan, by their attorneys, come into court, and in the same complaint say, that the defendants unlawfully withhold the possession of certain premises in the city of New-York, either from the people or from Taylor and Brennan; and with other relief asked for, ask that the defendants "may be adjudged to render possession of the said premises to the plaintiffs, *or to such of them as shall be declared entitled thereto;* and to pay to them *jointly or severally* the sum of $100,000, for the rents, issues and profits of said premises, whilst the same have been unlawfully withheld from the said plaintiffs."

In an action under the Code to recover the possession of real estate, the further claim and proceeding allowed in the action to recover the rents and profits, &c., are also allowed against the defendant as a trespasser; as a substitute for the action of trespass, and the suggestion on the record for the mesne profits, before the Code.

*Held*, on a *joint* demurrer by the city corporation and many of the other defendants in this case, to the complaint, that it did not state facts sufficient to constitute a cause of action, that it was clear that there was no cause of action by either the people or by Taylor and Brennan, against the city corporation for withholding the premises, &c. The premises in question were actually occupied by the tenants of the city corporation; and the plaintiffs had no right to make the city corporation a defendant in such action. The rule of the Revised Statutes, that in such a case the tenants in the actual occupation should alone be made defendants, has not been altered by the Code.

Had the city corporation demurred separately on the ground that there was no cause of action stated in the complaint against it, the demurrer would have been sustained; but the demurrer being joint with some of the other defendants, it must be overruled, if the complaint showed a cause of action by the people or by Taylor and Brennan, against such other defendants.

*Held* also, that neither the common law rule, nor the statute making conveyances of land held adversely void as to the party in possession, applies to conveyances by the people of the state, or by public officers duly authorized; strictly, there can be no adverse possession as against the people; the people cannot be disseized. Therefore, the lease to Taylor and Brennan was valid, and gave them a right of entry, although the premises at the time were actually held and occupied under a title hostile to the title of the state; and having the right of entry, Taylor and Brennan could bring their action to recover the possession of the same, and the rents and profits, since the execution of the lease, as damages, &c.

*Held*, that the complaint contained this cause of action on the part of Taylor and Brennan alone, against the defendants, the tenants in the actual occupation of

the premises alone; which was sufficient to save the complaint on joint demurrer by the city corporation, and the other defendants.

*New - York Special Term, October*, 1858.

DEMURRER to complaint. The facts stated in the complaint will sufficiently appear in the opinion.

W. HUTCHINS *and* E. W. STOUGHTON, *for plaintiffs*.

CHAS. O'CONOR, WM. C. NOYES *and* RICHARD BUSTEED *for defendants*.

SUTHERLAND, Justice. Before the Code, when actions had names, this action would have been called an action of ejectment to recover the possession of certain real estate in the city of New-York.

The corporation of the city of New-York and about one hundred and sixty of the other defendants, *jointly* demur to the complaint on the following grounds:

*First*. That it does not contain facts sufficient to constitute a cause of action.

*Second*. That three separate and distinct causes of action are improperly joined, to wit:

1. A cause of action by the people for improvident and unlawful management of property by the city corporation.

2. An ejectment by the people with a claim for damage.

3. A like claim by Taylor and Brennan.

*Thirdly*. That said three causes of action are not separately stated.

*Fourthly*. That there is a defect of parties plaintiffs, by the improper joinder of Taylor and Brennan as plaintiffs, with the people, who being claimants adverse to the people, should be defendants.

The defendants William H. Taylor, and a few others, separately demur to the complaint on the following grounds:

*First*. That the complaint does not state facts sufficient to constitute a cause of action on behalf of the people.

*Secondly*. That there is a defect of parties by the improper joinder of Taylor and Brennan with the people.

NEW-YORK PRACTICE REPORTS. 59

The People agt. The Mayor, &c., of New-York.

As was pertinently said on the argument, "the complaint is essentially a pleading under the Code; it is without form."

Two sets of plaintiffs by different attorneys, the people of the state, by Lyman Tremain, their attorney-general, and Taylor and Brennan, by Slosson and Hutchins, their attorneys, come into court, and in the same complaint say, that the defendants unlawfully withhold the possession of certain premises in the city of New-York, either from the people or from Taylor and Brennan; and with other relief asked for, ask that the defendants "may be adjudged to render possession of the said premises to the plaintiffs, *or to such of them as shall be declared entitled thereto;* and to pay to them *jointly or severally* the sum of one hundred thousand dollars for the rents, issues and profits of said premises, whilst the same have been unlawfully withheld from the said plaintiffs."

The facts stated in the complaint to show a right to the possession or a right of entry, in either the people or in Taylor and Brennan; and to a judgment that either the people of the state or Taylor and Brennan, recover the possession, with damages for the rents and profits, &c., are substantially as follows:

That the people of the state are now, and have been for many years, owners in fee of the premises, and are legally entitled to the rents, issues and profits thereof since, *unless* a certain lease thereof to Taylor and Brennan, (afterwards particularly described in the complaint, and a copy of which is annexed thereto,) be held valid. That the mayor, aldermen, &c., of the city of New-York, have taken possession of the premises, and through their agents rented the same, or the greater portion thereof, for market and other purposes, to the other defendants in the action; and *unless said lease be held valid,* withhold from the plaintiffs, the people of the state, the possession thereof to *their* great damage and injury. That the commissioners of the land office, on behalf of the people of the state, by virtue of the authority vested in them by law, executed and delivered to Taylor and Brennan a lease of the premises for one year from the 24th day of April, 1858, at the

yearly rent of five thousand dollars, payable quarterly in advance. That under said lease, *if the same be held valid*, Taylor and Brennan became lawfully possessed of the premises on the first day of May preceding the commencement of the action, (May, 1858.) That Taylor and Brennan being so possessed of the premises, the mayor, &c., claiming to own said premises, have taken possession thereof as aforesaid, and through their agents have rented the same to the other defendants, who wrongfully withhold from Taylor and Brennan, the possession of the premises to their great damage and injury. That Taylor and Brennan are legally entitled to the possession of said premises under the lease, and to the rents and profits thereof, *since* the first day of May, 1858. That the parties now in the actual possession of the premises claim to hold as lessees or by permits of the mayor, &c., and have been directed by the agents of the city, not to deliver possession thereof to the said plaintiffs, or to pay to them the rents thereof, but to pay the same to the agents of the city. That the tenants refuse to acknowledge the right of the plaintiffs or to pay them the rent, but pay the rent to those who act or claim to act as the agents of the city to receive the same. That the occupants of the premises pay, and for several years preceding the commencement of the action, had paid in the aggregate, for the use of the premises, the sum of forty thousand dollars annually.

These appear to be all the allegations in the complaint, bearing on the question of the right of possession, or to damage for the withholding the possession, or the rents, issues and profits.

There are other allegations in the complaint, as to the loose and improvident manner in which the rents of the premises had been collected and paid over; the pecuniary irresponsibility and want of authority of persons professing to act for the city, in the collection of the rents; the danger that the rents will be lost by the city, and by the plaintiffs; the duty of Mr. Flagg, the city comptroller, to collect the rents if they belonged to the city; and his refraining from collecting the same, because he believed that the premises belonged to the state, and that the city had no legal right to such rent; the non-resi-

dence and want of pecuniary means of many of the defendants, &c. ; but these last allegations appear to have been made for the purpose of obtaining the temporary injunction, restraining the city corporation from collecting the rents, and the receiver to take charge of the premises and collect the rents, and the *general relief* asked for in the complaint.

From the wreck of forms effected by the Code, and the alternating cases, strange mixture of allegations of fiction and of fact, alternative judgment and confused union of legal and equitable relief presented and asked for by the two sets of plaintiffs in this complaint, I have diligently and patiently tried to pick out one good cause of action, either in behalf of the people or of Taylor and Brennan, against either the city corporation, or the tenants alleged by the complaint, to be in the actual occupation of the premises. I say allegations of *fiction* and of fact in the complaint, for it is evident that the allegation of actual possession by the people of the state, and by Taylor and Brennan, and of actual ouster by the mayor, &c., actually or inferentially alleged in the complaint, were inserted therein, under the mistaken impression countenanced by a few reported cases since the Code, that the fictitious (in most cases) allegations of actual possession by the plaintiff on a certain day, and of entry and ouster thereafter by the defendant, retained by the Revised Statutes out of the old fictions of the action of ejectment, had also been preserved by the Code. (*See Ensign* agt. *Sherman,* 13 *How. P. R.* 35 ; *Warner* agt. *Nelligar,* 12 *id.* 402.)

But the first of these cases was reversed by the general term in the second district, (14 *How.* 439 ;) and I suppose it may be said to be pretty well settled now, that in an action to recover the possession of real estate under the Code, it is only necessary for the plaintiff to allege in his complaint, that he is seized or possessed of some certain estate or interest in the premises, and entitled to the possession of the same ; and that the defendant unlawfully withholds from him the possession thereof. (*Walter* agt. *Lockwood,* 23 *Barb.* 228 ; *Sanders* agt. *Leary,* 16 *How.* 312.)

It is not good cause of demurrer that there are too many plaintiffs or too many defendants. (*Peabody* agt. *The Washington County Ins. Co.*, 20 *Barb.* 340 ; 12 *How.* 134 ; 1 *Abbott*, 82 ; *Code*, § 144.)

Nor is it good cause of demurrer, that the plaintiff asks in his complaint, for more than it shows he is entitled to ; for relief that he is not entitled to ; or for further relief than he is entitled to.

Nor is the insertion in the complaint of redundant or impertinent matter, or of irrelevant or unmeaning verbiage, cause of demurrer.

If I understand the Code, and the tenor and spirit of the decisions under the Code, the plaintiff may present in his complaint a mass of heterogeneous facts, and a volume of unmeaning words, and any number of prayers for the most various and inconsistent relief ; and none of these defects can be reached by demurrer, provided the complaint contains, no matter in what state of disorganization, the elementary constituents of a good cause of action. (*Watson* agt. *Husson*, 1 *Duer*, 242 ; *Smith* agt. *Greening*, 2 *Sandf.* 702 ; *Richards* agt. *Edich*, 19 *Barb.* 260 ; *Hammond* agt. *Hudson River Iron and M. Co.*, 20 *Barb.* 386 ; 11 *How. P. R.* 218.)

On demurrer to such a complaint, on the ground that it contains no cause of action, it is the duty of the court to uncover the mass of heterogeneous facts, and to sort out and to arrange them ; and if it is found that any lot or parcel of them, when arranged and placed together, will stand alone as a cause of action, it is the duty of the court to overrule the demurrer.

I do not think the theory of the complaint in this case is more than one cause of action. That cause of action is to recover the possession of the premises, and the rents and profits, as damages for the withholding of the same.

The plaintiffs are evidently in doubt which of them has the right to the possession, and to such damages ; but I do not think that the theory of their complaint is that if it should turn out that Taylor and Brennan were entitled to recover the possession, and damages for the rents and profits of the same since

NEW-YORK PRACTICE REPORTS. 63

The People agt. The Mayor, &c., of New-York.

the execution of the lease to them, that the people of the state also claim, and will be entitled to recover in this action damages for the rents and profits prior to the execution of the lease to Taylor and Brennan.

Such claim on the part of Taylor and Brennan for the possession and damages for the rents and profits, since the accruing of their right of entry; and on the part of the people of the state against either the city corporation or the tenants in possession, or jointly against both, for damages for the rents and profits, prior to the accruing of Taylor and Brennan's title, could not be united in the same action before the Code; and it would appear that they cannot be since the Code. (*Leland* agt. *Towsey*, 6 *Hill*, 328; *Ainslie* agt. *The Mayor, &c.*, 1 *Barb.* 169; *Tompkins* agt. *White*, 8 *How. Pr. R.* 520; *Van Horn* agt. *Everson*, 13 *Barb.* 531.)

It would appear from the complaint, that because section 167 of the Code in speaking of causes of action which might be joined, specifies claims to recover real property, " with or without damages for the withholding thereof, *and the rents and profits of the same*," that the plaintiffs supposed that either the people, or Taylor and Brennan could recover in this action, with the possession of the premises, the specific rents paid or payable by the tenants in possession to the city corporation as their landlord; in other words, that by the Code, while the action for the possession proceeded on the idea that the defendant was a trespasser, that the claims for the rents, &c., in the same cause of action, could proceed on the idea that he was a tenant of the plaintiff; and that thus the defendant could be treated as both a tenant and a trespasser in stating the same cause of action. From this idea, probably proceeded the plaintiffs' allegations in the complaint, going to show that there was danger of the rents being lost; of improvident and careless management in the collection of the rents; of doubts of Mr. Flagg as to the title, &c.; the prayer for an injunction and a receiver, which have added so much to the confusion of the complaint.

But I suppose the Code cannot justly be charged with the

absurdity the complaint would appear to assume; I suppose, that in an action under the Code to recover the possession of real estate, the further claim and proceedings allowed in the action to recover the rents and profits, &c., are also allowed against the defendant as a trespasser, in other words, that they are allowed as a substitute for the action of trespass, and the suggestion on the record, for the mesne profits, before the Code. (*Tompkins* agt. *White, supra.*)

In such action for the possession, or in a separate and independent action for the mesne profits against the landlord or tenant or both jointly, which probably could be brought now as well as before the Code, (*see case in* 6 *Hill, supra,*) the plaintiff would be entitled to recover as damages what he could prove the premises were reasonably worth annually; and not as a matter of course the specific amount of annual rent which the tenant had paid or agreed to pay, or the landlord had received, or agreed to receive.

Upon the whole, although I at first thought the complaint in this case was intended to contain a separate and independent cause of action on the part of the people for the rents and profits, prior to the execution of the lease to Taylor and Brennan; yet upon further examination, I think it was not intended to contain any claim for rents and profits, and damages, for withholding the possession or otherwise, except as incident to the claim and right to recover the possession.

There is, therefore, not more than one cause of action in this complaint. Are the facts in the complaint sufficient to constitute one cause of action by either the people of the state or by Taylor and Brennan, against either the city corporation, or the other defendants, the tenants in the actual occupation of the premises, for the recovery of the same, with or without damages, for the withholding thereof? This is the question, and I think the only question on these demurrers.

It is very clear that there is no cause of action by either the people or by Taylor and Brennan, against the city corporation for withholding the premises, &c., stated in the complaint. The complaint shows that the corporation does not withhold

the possession of the premises; but that the tenants in the actual occupation, the other defendants, do. The complaint showing that the premises in question were actually occupied by the tenants of the city corporation, it shows that the plaintiffs had no right to make the city corporation a defendant in an action to recover the possession of the same.

The rule of the Revised Statutes, that in such a case the tenants in the actual occupation should alone be made defendants, has not been altered by the Code. (*Champlain and St. Lawrence Railroad Co.* agt. *Valentine*, 19 *Barb.* 484, 493; *Van Horn* agt. *Everson*, 13 *Barb.* 526; *Fosgate* agt. *Herkimer Manufacturing Co.*, 9 *Barb.* 287; *Van Santvoord's Plea.* 2d edition, 176, 177, 178, *n.* (1); *Shaver* agt. *McGraw*, 12 *Wend.* 558; *Putnam* agt. *Van Buren*, 7 *How. Pr. R.* 31.)

Had the city corporation demurred separately in this case, on the ground that there was no cause of action stated in the complaint against it, I should have sustained the demurrer; but the demurrer being a joint demurrer by the corporation, and most of the other defendants, the demurrer must be overruled, if the complaint shows a cause of action by the people or by Taylor and Brennan, against such other defendants. (*Eldridge* agt. *Bell*, 12 *How. Pr. R.* 549; *Philips* agt. *Northrup*, *id.* 17; *Brownson* agt. *Gifford*, 8 *id.* 392; *Van Santvoord's Plea.* 671.)

We have arrived then at this question on these demurrers; does the complaint show a cause of action by either the people of the state or Taylor and Brennan, against the defendants who are alleged to be in the actual occupation of the premises as tenants of the city corporation? On the theory which evidently dictated the complaint, I think it does not. It is evident that the complaint assumes, that the rule that a conveyance of lands held adversely is void, and gives no right of entry to the grantee, applied to conveyances by the people of the state. Hence the two sets of plaintiffs, the alternative prayer for judgment, and some of the other peculiarities of this complaint. The complaint was evidently intended to meet the plea of adverse possession at the time of the execution of the

66          NEW-YORK PRACTICE REPORTS.

The People agt. The Mayor, &c., of New-York.

lease to Taylor and Brennan, which it was supposed the defendants could or might set up. This by the Revised Statutes, could be done by naming the grantor and grantee as plaintiffs in different counts. (*Ely* agt. *Ballantine*, 7 *Wend.* 470.)

But I suppose that this privilege of fiction has fallen before the realities of the Code, and that now by the Code the action must be brought in the name of the real party in interest. (§ 111.) The Code supposes that the plaintiff knows both the law and the facts of his case, so as to verify it by his oath; and does not permit him to speculate, by stating the case, or his case, in different ways in different counts; and I do not think it intended to make an action for the recovery of real property an exception.

If it were the law, as the plaintiffs appear to have assumed, that a conveyance by the people of the state of lands held adversely is void, I should not be able to find any cause of action whatever in the complaint; for the complaint while it alleges title in the people, the execution of the lease to Taylor and Brennan, and their right to the possession without qualification or condition, also contains other allegations of fact, from which it would appear that when the lease to Taylor and Brennan was executed, the premises were actually held and occupied by the tenants of the city, claiming under title adverse to that of the state; and these contradictory allegations in effect, in stating one and the same cause of action—the first showing a right in Taylor and Brennan to bring the action, and the second showing the lease to Taylor and Brennan void, and, therefore, showing a right in the people of the state to bring the action—would neutralize each other, and probably leave the complaint without any cause of action certainly and sufficiently stated, in either the people or in Taylor and Brennan. But the complaint was plainly dictated under an error as to the law.

Neither the common law rule, nor the statute making conveyances of land held adversely void as to the party in possession, applies to conveyances by the people of the state, or by

public officers duly authorized. Such conveyances are not within the reason of the common law rule or of the statute; and strictly, there can be no adverse possession as against the the people; the people of the state cannot be disseized. (*Jackson* agt. *Gumaer*, 2 *Cowen*, 552; *Allen* agt. *Hoyt*, *Kirby's Rep.* 221; *Barney* agt. *Cutler*, 1 *Root's Rep.* 489, 491; *La Frombois* agt. *Jackson*, 8 *Cowen*, 589.)

It follows that the lease to Taylor and Brennan was valid, and gave them a right of entry, although the premises at the time were actually held and occupied under a title hostile to the title of the state; and having the right of entry, Taylor and Brennan could bring their action to recover the possession of the same, and the rents and profits since the execution of the lease as damages, &c.

The complaint contains this cause of action on the part of Taylor and Brennan alone, against the defendants, the tenants in the actual occupation of the premises alone; but this is sufficient to save the complaint on this joint demurrer by the city corporation and the other defendants. The plaintiffs must, therefore, have judgment on the demurrer, with liberty to the defendants, or such of them as have not answered, to answer in twenty days on payment of costs. In arriving at this conclusion, I have assumed that it sufficiently appears that the commissioners of the land office were authorized to execute the lease to Taylor and Brennan.

By laws of 1819, (*p.* 300, § 3,) the commissioners of the land office may lease for a term not exceeding one year, any lands belonging to the state having improvements on them. It is not alleged in the complaint, that the premises leased to Taylor and Brennan had improvements on them; but it is alleged that the lease was duly executed by the commissioners under the authority by law vested in them; and as public officers are to be presumed to do their duty and to act within the powers given them by law, unless the contrary appears, I think it sufficiently appears that the commissioners had power to execute the lease to Taylor and Brennan.