# MARETZEK *a.* CAULDWELL.

*New York Superior Court; General Term, November,* 1864.

PLEADING.—DEMURRER TO ANSWER.—DENIALS OF IMMATERIAL
AVERMENTS.—MOTION TO MAKE DEFINITE.

In an answer, a defence which merely takes issue on allegations in the com-
plaint, is not demurrable.   If the allegations are immaterial, the remedy is by
motion.

This rule applies to averments in a defence pleaded in an action for libel, that
the charges contained in the alleged libellous publication were true.   Such
matter is not new matter, within the meaning of section 153 of the Code.

Mitigating circumstances set up in an answer in an action for libel are not a de-
fence within the meaning of section 160 of the Code, which requires a plead-
ing to be made definite and certain.   Where the precise nature of the defence
is not apparent, such allegations are to be regarded as a mere notice.

Appeal from an order overruling a demurrer to parts of an
answer, and denying a motion to make other parts more definite
and certain, and to strike out still other parts.

This action was brought by Max Maretzek, the manager of
an opera in the city of New York, against the defendants,
William Cauldwell and Horace P. Whitney, publishers, editors,
and proprietors of *The Sunday Mercury*, a weekly paper pub-
lished in the city, to recover damages for two articles printed
therein in October, 1863.   The first article was headed, " The
Disgrace of the Opera," and it described the opera of the plain-
tiff as being frequented by vicious and immoral persons, and
being such an exhibition as respectable women could not
patronize.   The second article, which was set forth as a second
cause of action, was entitled, " The Academy of Music Under a
Cloud—Sin in High Places," and this article made the same
charges with more particularity ; stated that to fill up the house
dead-head tickets had been furnished to people whom no decent
citizen " could wish to see sit beside his wife or daughter ; and
certain it is that the ' scarlet women' have blazed forth in all
their glory and shame from parquet, dress-circle, and box ; the

lobbies have become infested with representatives from the worst of the city gambling hells, and owners of pocket-books and watches are compelled to keep a bright look-out for their valuables. One of the most conspicuous patrons of the present opera, is a Tombs lawyer, known to the public as the husband of a notorious courtezan, lately deceased. This person nightly occupies a position in the dress-circle, in full view of the whole house, with female companions after his kind. But what particularly incensed the decent patrons of the opera, was the report that one of the female *artistes*, who was given a prominent place on the bills, was the mistress of a male member of the troupe—a woman whose private character was such, that it was an insult to every virtuous woman in the house to allow her on the stage. Whether this story was true or not, it had its effect upon the receipts of the treasury."

The inuendoes with which these articles were set forth in the complaint are not material to be stated.

The defendants put in an answer denying various allegations of the complaint, including all those which went to set forth the first cause of action, and denying that the defendants intended to injure the plaintiff or his business, and that he had been injured.

For a second defence, they averred that each and every of the allegations set up in the first cause of action was true; re-affirming the charge in the same general language in which it was made in the first article complained of.

For a third defence, they averred that each and every allegation in the second article complained of was true; reiterating it in the same language above stated.

For fourth and fifth defences, the defendants said that they did plead, and would insist upon, the matters stated in the second and third defences respectively as mitigating circumstances.

For sixth and seventh defences, they averred that they published the articles respectively in the course of their business as public journalists; and they had been, in their capacity of the editors referred to in the complaint, credibly, and from motives of public policy, informed thereof, and that they believed the same to be true; and that, in their said capacities as public journalists, they had been requested by the plaintiff to speak of

his opera for the best advantage of the public; and that they believed it was for the best advantage of the public, as well as of the plaintiff, to know and be advised of these aforesaid matters; and that they had, in doing as in this cause of defence mentioned, no malice towards the plaintiff, nor ill-will towards him, nor intent to injure him or his business; and that the said matters were and are fair and legitimate matters of public news and items of particular and general interest to the reading public, and were fair and candid comments on a place of public amusement, and were published for the purpose of disseminating among the persons, subscribers to their said newspaper, information which these defendants as aforesaid believed to be true, and such as, if true, ought to be so published for the information aforesaid, and they therefore plead and will insist upon the foregoing averments in mitigation of damages.

For an eighth defence, they stated in mitigation of damages that the plaintiff, in a book entitled "Crotchets and Quavers," published by him, had admitted that he was a charlatan, to the contrary of his allegations in respect to his business and character in the complaint.

For a ninth defence, they alleged, both by way of justifying and by way of mitigation, that the opera was attended by pickpockets and women of known bad character, whose names and residences were unknown to the defendants, who were in some instances brought there by and under cards of free admission, furnished by plaintiff's regular agents, and that some of the stockholders and subscribers of the Academy of Music complained to those defendants of said things, and that such foregoing matters were publicly canvassed by the general public.

The plaintiff moved to compel the defendants to make the fourth and fifth defences in mitigation more definite and certain, by setting forth the particulars of the matters alluded to; and the eighth defence, by stating in what part of the book such admissions were made; also to strike out as irrelevant and redundant the sixth, seventh, and ninth defences, and such part of the eighth as was pleaded in mitigation of damages, and if any be not stricken out, that the defendants name the persons indicated in the sixth and seventh defences as having informed them of these matters, and name the agents of the plaintiff who were charged with having given free admission to persons of bad character;

and also to name the stockholders who had complained to the defendants.

The plaintiff also demurred to the first, second, and third defences as not sufficient, specifying various grounds which are all substantially comprised in the objections that the issues were immaterial; that none of the denials constituted a defence; and that the matter was double, so that a correct issue could not be had.

The cause was heard upon the demurrer and motion together, before Chief Justice Robertson, in April, 1864, who overruled the demurrer, and granted the motion in part only. He rendered the following opinion.

ROBERTSON, Ch. J.—The first statement in the answer as a defence is not demurrable, because it merely takes issue on allegations in the complaint. (*Code*, § 153, Smith *a.* Greening; S. C., 2 *Sandf.*, 702.) If they are immaterial, the only remedy for any prejudice arising therefrom to the plaintiff, if they stood alone, would be to move for judgment; and if they seriously encumbered the record, to strike them out under section 160 of the Code. Whether he would be successful in the latter motion may be doubted. (King *a.* Utica Ins. Co., 6 *How.*, 485.)

The only question under the demurrer to the second and third defences is, whether the charges in the defamatory publication complained of are so specific that an averment of their truth is sufficient as against a demurrer. Averments, in an answer, of specific facts are necessary, when the accusation is general, of stealing, dishonesty, and the like. (Anon., 3 *How. Pr.*, 406; Fry *a.* Bennett, 5 *Sandf.*, 54.) But the charge in the publications in question, of the unfitness of the plaintiff's exhibitions for the resort of respectable persons, is accompanied by specific charges of the admission of persons of specified immoral and illegal pursuits and occupations by the plaintiff's permission and encouragement, which is sufficient to make similar averments in a defence a good pleading as against a demurrer. (Van Wyck *a.* Guthrie, 4 *Duer*, 268; S. C., 17 *N. Y.*, 190, *sub nom.* Van Wyck *a.* Aspinwall.) If the plaintiff wishes further information, the Code (§ 160) furnishes ample remedy for any defect in the definiteness and certainty of the answer. The demurrer must therefore be overruled.

The motion also to strike out the sixth, seventh, and ninth defences as redundant or irrelevant, must be denied, as they allege new matter, and are not so verbose or repetitious in their statement as to subject them to that objection.

The motion to render more definite and certain the fourth, fifth, sixth, seventh, and eighth defences, raises the question how far mitigating circumstances set up in an answer in an action for libel, in connection with a defence of the truth of the publication, under the Code (§ 165), constitute a partial defence to the action, so as to require to be pleaded. If allegations of mitigating circumstances in an answer be a mere notice, it would not come within the 160th section of the Code, which only requires a pleading to be made definite and certain, where the precise nature of the defence is not apparent.

In the case of Newman *a.* Otto *et al.*, in this court, 4 *Sandf.*, 669, it was held by Judge Duer that such allegations operated as a mere notice, and were not a defence; because, if pleaded alone they might be struck out as frivolous.

In Graham *a.* Stone, 6 *How. Pr.*, 19, and Brown *a.* Orvis, *Ib.*, 376, both cases in the Court of Appeals, Justices Johnson and Harris held separately and respectively that no facts could be set up in an answer in mitigation of damages, except when accompanied by an averment of the truth of the charge. The doctrine so laid down seems to have been disapproved of by Justices Allen and Selden in a subsequent case in the Court of Appeals. (Bush *a.* Prosser, 11 *N. Y.*, 347.) The question of its soundness, however, did not fairly arise, nor was its repudiation involved in or necessary to the decision of that case. The sole question in it was, whether evidence offered on the trial, of bad conduct, on the part of the plaintiff; similar to that of which the defendant accused him, was admissible. There was no justification of the truth of the charge in the case, and although the defendant had set out in his answer the facts, of which he offered the evidence on the trial, it was not necessary to hold that they must be pleaded in order to warrant its admission. No objection could have arisen on that score; for whether those allegations were a mere notice or formed a pleading, the evidence was equally admissible under either theory. Justice Allen seems to have assumed as unquestionable that any thing given in evidence to reduce damages, either in an ac-

tion of tort or contract, was a defence within the meaning of
the Code (§ 150), which allows 'as many defences to be set up
as the defendant may have. He takes no notice of any dis-
tinction in that respect between torts and contracts, so admir-
ably pointed out by Judge Duer in Newman a. Otto (*ubi sup.*),
which is, that a partial defence in an action on a contract ne-
cessarily reduces the damages, debt, or sum claimed; while in
one for tort the effect of mitigating circumstances is uncertain.
The jury may give the same damages, whether the circum-
stances offered in reduction are proved to have occurred or not.
The same cause of action remains, whether the damages arising
from it are aggravated or mitigated. In the former case, no
issue could be taken on the matter of aggravation (*Steph. on
Plead.*, 243); the reason is equally good why it should not be
on matters in diminution. Hence, while partial defences in an
action on a contract must be pleaded (McKyring a. Ball, 16
*N. Y.*, 297; Houghton a. Townsend, 8 *How. Pr.*, 441; Gleason
a. Moore, 2 *Duer*, 640; Barr a. Baker, 9 *Mo.*, 840), the whole
current of authorities is against the right or duty to set up
circumstances in mitigation, unless in an action for tort, except
for a libel or slander where the charge is justified. (Rosenthal,
1 *Code* (N. S.), 228; Scheiden a. Schultz, 4 *Sandf.*, S. C., 664;
Salters a. Kip, 5 *Duer*, 646; S. C., 12 *How. Pr.*, 343; 2 *Abbotts'
Pr.*, 383; Gilbert a. Rounds, 14 *How. Pr.*, 46; Travis a. Barer,
24 *Barb.*, 614. If such circumstances constituted the whole an-
swer, no judgment within the meaning of the Code could be
given on an issue formed by a reply, because it could not be
the final determination of the rights of the parties (§ 245) with-
out an assessment of damages; and there is nothing in the Code
to indicate that it was designed to deprive the defendant of the
formerly existing right of reducing the damages on an assess-
ment by evidence in mitigation. The very section (§ 165)
which provides for the admission of such circumstances, not-
withstanding the publication is justified, and there is a failure
to establish such justification, accompanies the permission to a
defendant to avail himself of that provision, by requiring the
circumstances to be set out in the answer with the justification,
but only in reduction of damages. If the framers of the Code
had considered circumstances in mitigation to be a defence, and
an answer to a cause of action within the meaning of the 150th

section, there would have been no necessity to require a defend-
ant to set up such circumstances, but simply to have said that
setting them up as a defence with a justification should not de-
prive the defendant of the right of proving them, because
of the justification. But the 165th section contains two provi-
sions—first, for alleging such circumstances in the answers
along with a defence of truth; and secondly, of allowing evi-
dence of them when so alleged, notwithstanding such defence.
The injustice of the former rule, as to allowing matters in miti-
gation before a sheriff's jury, is not so apparent as to favor such
an interpretation. I am compelled, therefore, to follow Judge
Duer's opinion already alluded to, sustained as it is by its own
reasons, and the opinion of Justices Johnson and Harris, already
referred to (Graham *a.* Stone, and Brown *a.* Harris), in place
of the views of Justices Allen and Selden in the case also before
referred to (Bush *a.* Prosser), which, as they were not necessary
to the decision of the case, I may be excused for looking upon
as *obiter dicta.* The motion to make definite and certain the
statements in the answer, of circumstances in reduction of dam-
ages, must therefore be denied. They could not be struck out
as frivolous, because they accompany a justification of the pub-
lication complained of, which is permitted by the Code (§ 150).

I think the ninth defence sufficiently definite and certain as
to the names of the sharpers of both sexes and persons of im-
proper character who frequented the plaintiff's exhibitions with
the permission of his agents, because the defendants state such
names to be unknown; but not so as to the agents of the plain-
tiff alleged to have furnished free tickets of admission to such
improper persons, because he is entitled to be prepared to prove
their want or excess of authority. So also as to the subscribers
and stockholders who have complained to the defendants, whose
names it must be presumed they know, if they know them to
be such subscribers or stockholders. In those respects the mo-
tion must be granted as to the names or other description of
such agents and stockholders, but denied as to the rest.

No judgment can be given on the demurrers, as they merely
raise an immaterial issue of law, but an order may be made
overruling them for that reason, and the motion must be denied,
except in the matter before stated. No costs can be allowed
to either party on the demurrers and motion; and there being

no judgment, there is no need of giving leave to amend, but the plaintiff may withdraw his demurrer if he finds it necessary.

The plaintiff appealed to the court at general term from the chief parts of the order entered upon this decision, as is stated in the opinion of the court.

*S. B. H. Judah*, for the appellant.—I. The true construction of section 165 of the Code is that, although the truth may be given as a justification, yet if the truth itself is unjustifiable, that is, published maliciously and with an evil intent, and for no good purpose, it is no justification. (*Holt's Law of Libel*, 48.)

In setting up the truth as a justification, the defendant is bound—

1st. To show that the publication of such truth was for justifiable ends, and with good motives. (26 *Wend.*, 383.)

2d. The defence must be as broad as the charge.

3d. The facts on which he relies must be so specifically set up that they apprize the plaintiff of the defence. (*Holt's Law of Libel*, 280–282; Newman *a.* Bailed, cited 1 *T. R.*, 750; Lanson *a.* Street, *Chitty's Pl.*, 503–506, and cases cited; 1 *Ib.*, 487, in notes.)

The Code has not altered the substance or form necessary to be pleaded in a defence of the truth in justification.

The causes set out in the demurrer to the second separate defence are good causes of demurrer.

(*a.*) The matter set up is a mere repetition and averment of the truth of the libel as charged in the complaint. Where the defamatory charge is made in general terms, it is not sufficient to answer that the general charge is true; the justification must be made by a specification of the facts which are relied on to establish the truth.

The alleged facts are a mere averment of the general charge, and not so specific as to apprize the plaintiff of the defence. The plaintiff is not compelled to make an answer, bad in substance, good, by calling on the defendant to make it definite and certain. (5 *How. Pr.*, 470; 6 *Ib.*, 258; 3 *Ib.*, 406; cases cited in note to Code, § 165, Voorhies' ed.; Fry *a.* Bennett, 5

*Sandf.*, 54; 6 *How. Pr.*, 84; Fabbricotti *a.* Launitz, 1 *Code, R., N. S.*, 121; 25 *How. Pr.*, 419.)

(*b.*) But even if well pleaded, the matter relied on in the answer does not amount to a justification. Hunt *a.* Bennett, 19 *N. Y.*, 173; vide Nelson, J., in Hotchkiss *a.* Oliphant, 2 *Hill*, 513.)

(*c.*) The second separate defence is bad.

The positions in the second point apply in every respect to the third separate defence or answer, with the additional objections:

*First.* That in the third answer there is an attempt to make a double issue,—the one that the facts are true, and the other that the calumny originated from and was circulated by others than the defendants. The Code has not altered the cardinal principles of pleading: a double plea is bad for such duplicity.

The Code contemplates a single answer. (§ 150.) Each separate defence is to be separately pleaded. (4 *Kern.*, 469; 21 *N. Y.*, 399.)

*Second.* If the defendants seek to shift the origin of the libel on others, even the giving of names and particulars would not relieve them of responsibility: such disclosures would not be allowed in evidence to mitigate damages. (Dale *a.* Lyon, 10 *Johns.*, 447; Mapes *a.* Weeks, 4 *Wend.*, 659; Inman *a.* Foster, 8 *Ib.*, 602.)

But if the allegation that other persons disseminated the libel forms a defence of justification, the answer is bad in substance, in not setting out the names of the persons, time, place, and other particulars or specifications. (2 *Chitty's Pl.*, 507, note *f*; 7 *T. R.*, 17; 2 *East.*, 426.)

(*d.*) The answer or defence is not as broad as the charge, and therefore does not amount to a justification. Each separate defence or answer must contain all that is requisite to answer the whole cause of action. (*Code*, § 222, cases cited in note; 7 *Abbotts' Pr.*, 378; 2 *Bosw.*, 694; 2 *Ib.*, 391.) · Resort, to make an answer full, cannot be had to another answer. (4 *Ib.*, 391; 10 *Abbotts' Pr.*, 266.)

IV. The matters of the sixth, seventh, and part of eighth defence, moved to be stricken out, are such as neither amount to a defence, nor could be given in evidence in mitigation of damages.

(*a.*) Mitigating circumstances are, those which the well-defined rules of law allow in evidence in mitigation of damages. (1 *Code R.*, *N. S.*, 181.) If the point taken is correct, that newspaper editors or journalists have no privilege to libel or slander, the matter set up in the sixth and seventh answers are surely not mitigatory, nor is the part of the eighth answer complained of admissible in evidence (being foreign to the issue); and the rule is clear that when the matter does not amount to a mitigation, it should be stricken out as irrelevant and redundant. (3 *How. Pr.*, 406; 6 *Ib.*, 15; 10 *Ib.*, 158.)

(*b.*) The sixth and seventh answers are not accompanied by a justification, but only refer to denials of malice in the other answers; and do not amount even to mitigating defences, and make an immaterial issue; and being such, are irrelevant. (2 *Abbotts' Pr.*, 331; 4 *Sandf.*, 668; 1 *Code R.*, *N. S.*, 102; 5 *How. Pr.*, 476.)

(*c.*) The charges or allegations in the answers are general, and do not amount to mitigating circumstances. (Russ *a.* Brooks, 4 *E. D. Smith*, 645.)

They do not apprize the plaintiff of the specific grounds of the defence: general report, common gossip, popular clamor, are not admissible in evidence as mitigating circumstances, and are irrelevant. (6 *How. Pr.*, 15; 13 *Ib.*, 97.)

An answer setting up mitigating circumstances, if irrelevant, will be stricken out on motion. (10 *How. Pr.*, 128.)

V. Matter set up in mitigation of damages, in a suit for slander or libel, is a defence within the meaning of the Code. It has been questioned whether it amounts to a defence, standing alone; but there is no doubt that, when accompanied by a justification in the same answer, such a defence is not a notice, but a part of the defence or answer. If not pleaded, the matter cannot, by section 165, be even offered in evidence. (Opinions of SELDEN and ALLEN, JJ., in Bush *a.* Prosser, 11 *N. Y.*, 347.) However subtle the reasoning of DUER, J., in Otto *a.* Newman (4 *Sandf.*, 669), it cannot destroy the plain words of the statute. The distinction is obvious, that in libel and slander the Code specifies the kind of defence that may be set up, while it leaves matter in mitigation in other torts (assault and battery, &c.) to be given in evidence, to reduce the damages; in other words, in this one case, it directs the mitigating circumstances to be

pleaded. The very nature of the case is such, where the charge is general, that matter in mitigation should be specifically set out in the answer, to apprize the plaintiff what he is to meet. Even if, taking the name of an answer, it can be characterized as in the nature of a notice, it still should be specific; and if not, justice would direct it to be made definite and certain : the question of its effect should not be left to the time of trial, to be decided whether, under a notice general in its charges, specific matter could be given in evidence. The plaintiff has the right to demand, under section 160, that a general pleading should be made definite and certain, or it should be stricken out as irrelevant. If these positions be correct, then the fourth, sixth, seventh, and the part of the eighth answers are not definite and certain, and should be made so in the particulars required by the plaintiffs.

*A. Oakey Hall,* for respondents.

By the Court.*—McCunn, J.—The appeal in this case is from an order made at special term by the Chief-Justice, overruling the demurrers of the plaintiff to the first, second, and third portions of the defendants' answers, and also denying the plaintiff's motion, which is of an extraordinary mixed nature, to compel defendants to make more certain and definite the fourth, fifth, sixth, seventh, and eighth defences of the answer, as well as to strike out as irrelevant and redundant the sixth and seventh and part of the eighth defences of said answer, and other parts of defendants' answers, specified in the plaintiff's notice of motion at special term.

In regard to the question of the demurrer, there can be no doubt that the Chief-Justice was clearly right in overruling it.

The portions of the answer demurred to certainly do not contain new matter that constitutes a counter-claim or defence, as provided for by the 153d section of the Code. These portions of the answer merely deny the allegations of the complaint, and are properly pleaded.

The case cited by the Chief-Justice (Smith *a.* Greening, 2

---

* Present—Robertson, Ch. J., and Monell and McCunn, JJ.

*Sandf.*, 702) is fully sustained by the case of Neuman *a.* Otto, decided by Chief-Justice Duer (4 *Sandf.*, 668).

The motion to render more definite and certain the fourth, fifth, sixth, seventh, and eighth defences was properly denied. Such allegations operate as a mere notice, if they form part of the answer.

This doctrine was so held in the case of Graham *a.* Stone and Brown *a.* Orvis, both being cases decided in the Court of Appeals, and is so well settled that no doubt can now arise in regard to this principle in actions for libel and slander. So also in regard to the ninth defence of the answer.

It is certainly definite enough in this particular to fully apprize the plaintiff of the defence to be adopted on the trial, and to prepare him to meet the issue. It specifically alleges " that the cards of free admission were furnished by the plaintiff's regular agents, and that some of the stockholders and sub scribers complained to the defendants of said things, and such foregoing matters were publicly canvassed by the general public." The Chief-Justice, however, seems to think that the defendants should be compelled to allege the names of these regular agents of the plaintiff, and also of the stockholders and subscribers who complained to defendants. But this he bases simply upon the presumption that the defendants knew their names, for the reason that they do not allege that their names are unknown. On the general principle maintained by the learned Chief-Justice, and sustained by the cases cited by him, I can see no reason for exception in this regard ; and, although fully concurring with him in his very lucid and able opinion, I must differ with him in regard to granting the motion to compel the defendants to allege the names of the agents, and stockholders, and subscribers, referred to in that portion of their answer ; but this portion of the order not having been appealed from by the plaintiff, the entire order at special term must be affirmed with costs.

ROBERTSON, Ch. J., and MONELL, J., concurred.