By the Court.
Freedman, J.
The complaint contains three causes of action : two upon promissory notes, and the third upon an account stated.
The answer sets up two distinct and separate defenses to the first two causes of action, and denies the account stated.
The plaintiff separately demurred to each of the defenses to the first two causes of action for insufficiency, but no question was raised as to the sufficiency of the defense to plaintiff’s third cause of action.
The demurrers of the plaintiff were overruled with costs, and from the order and judgment entered thereupon, the present appeal is taken.
Each of the first two causes of action proceeded upon a promissory note alleged to have been executed by the defendant to the plaintiff as payee at Boston, Mass., on the 8th day of October, 1879.
The first defense to both of said causes of action is as follows, viz : “First, That he (viz., the defendant) has no knowledge or information sufficient to form a belief as to whether he made the promissory notes as alleged in the first and second causes of action in said complaint contained, or any promissory notes.”
By demurring to this defense on the ground of insufficiency, the plaintiff sought to raise the question whether under the Code of Civil Procedure a defendant can properly plead a denial of knowledge or information sufficient to form a belief as to an allegation in the complaint concern *94 ing a matter wMch must necessarily be within his knowledge.
The authorities upon this point appear to be conflicting, and the probabilities are that the question will remain in doubt until it is settled by an express adjudication of the court of appeals. This being so, I feel reluctant to pass upon the point, unless to do so is absolutely necessary.
In my judgment no such necessity exists. Section 494 of the Code of Civil Procedure, which confers upon a plaintiff the right to demur, provides as follows : “The plaintiff may demur to a counter-claim or a defense consisting of new matter, contained in the answer, on the ground that it is insufficient in law upon the face thereof.” It is not every defense, therefore, to which a plaintiff may demur, but only to a defense consisting of new matter contained in the answer. The words “consisting of new matter ” are words of limitation.
As the defense now under consideration does not consist of new matter, but of a denial, the plaintiff mistook his remedy by demurring, even if his contention as to the insufficiency of the denial should be otherwise well founded.
The same rule prevailed prior to the Code of Civil Procedure. Under the Code previously in force it was repeatedly held, that an answer which set up no new matter, but merely denied the allegations of the complaint, was not demurrable, no matter how defective the form of the denial was (Smith v. Greenin, 2 Sandf. 702 ; Maretzeck v. Cauldwell, 2 Rob. 715 ; Ketcham v. Zerega, 1 E. D. S. 553 ; Lund v. Seaman’s Savings Bank, 37 Barb. 129 ; Rice v. O’Connor, 10 Abb. 362).
Plaintiff’s demurrer to the first defense to the first two causes of action was therefore properly overruled.
The second defense to the notes sued on, consists of a statement of facts setting forth the transaction and the circumstances upon which, and under which, the notes (believed to be the notes sued upon, but which the answer *95 styles due bills), were made by defendant to plaintiff ; that the defendant at that time was engaged in an illegitimate business in the City of Boston, called the bucket-shop business, consisting in the purchase and sale of stocks, in fractional quantities upon margins, without an actual dedelivery of the stocks at the time of the purchase or sale thereof, or at any other time ; that in said business the plaintiff was a customer of the defendant; that the transactions resulting in the giving of the notes were, to the knowledge of the plaintiff, gambling transactions in the course of such business, and illegal and void ; that the notes were without any other consideration, and therefore illegal and void, and that plaintiff knew it, &c.
This statement must be accepted as containing allegations of matters of fact which stand admitted by the demurrer, and the question therefore is, not whether the facts are properly or improperly stated, or whether the defense is artistically or inartistically drawn, but whether the facts as stated, taken together and treated as true, constitute a defense.
In my judgment they are sufficient to constitute a defense within the principles laid down in Irwin v. Williar, (110 U. S. 499), and cases there cited. If upon the trial it should become necessary for the defendant upon whom the burden of proof in this respect rests, to establish the illegality of the notes under the laws of the state of Massachussetts, he must do so by competent proof as to what, as matter of fact, the law of that state governing the case is.
The plaintiff insists, however, that even if the contracts which resulted in the giving of the notes, were nuff and void, the defense is still bad, because under the statute of New York concerning betting and gaming (1 R. S. 662, § 9 ; 6th Ed. vol. II. p. 918), the money invested by the plaintiff with the defendant might be recovered back. Several answers may be made to this proposition. It is sufficient to say, however, that in such a case the plaintiff was bound to disaffirm the contracts and to sue under the statute. *96 This he has not done. The action proceeds upon the notes which were received in furtherance of illegal and void contracts, and consequently is in affirmance of the contracts.
For the reasons stated, plaintiff’s demurrer to the second defense to the first two causes of action was also properly overruled.
The judgment and order appealed from should be affirmed, with costs, with leave, however, to the plaintiff to withdraw the demurrers upon payment of the costs of the judgment and of this appeal.
Sedgwick, Ch. J, and Van Vorst, J., concurred.